ALFRED R. GREENWOOD

*v.*

JOHN L. MURPHY.

*Filed at Ottawa January 21, 1890.*

1. ELIGIBILITY TO OFFICE—*jurisdiction of the county court to determine.* The county courts have no authority, under the statute, to hear and determine the question of the eligibility of a person to any particular office.

2. The statute provides that the county courts may hear and determine contests of election of certain specified officers,—that is, to ascertain and declare which of the contestants has been duly elected. But the question whether or not a person already elected possesses the necessary legal qualifications for the office, must be determined in another way and by a different proceeding,—as, by information in the nature of a *quo warranto* in the name of the People.

3. SERVICE OF PROCESS—*in case of contested election—of the mode.* Summons must be served on the defendant in a proceeding to contest his election, in the same manner as in chancery cases. A return showing service by reading, only, fails to give the court jurisdiction of the person.

4. The statutory requirements for service of process must be strictly complied with, and the return of the officer should show such compliance, otherwise the court will not obtain jurisdiction.

APPEAL from the County Court of Bureau county; the Hon. H. M. TRIMBLE, Judge, presiding.

Messrs. ECKELS & KYLE, for the appellant, who also acts *pro se:*

The service of summons by reading was insufficient to give jurisdiction. The service must be the same as in chancery. Rev. Stat. chap. 46, sec. 114, par. 116; Starr & Curtis' Stat. p. 1019.

The court therefore had no jurisdiction of the person of appellant, and it was wrong for the court to take the petition, bill or statement of appellee for confessed by appellant. *Sconce* v. *Whitney,* 12 Ill. 150; *Wilhite* v. *Pearce,* 47 id. 413.

The statutory requirements for service of process must be strictly complied with, and the return of the officer should show it, to give jurisdiction. *Hessler* v. *Wright*, 8 Bradw. 229; *Cost* v. *Rose*, 17 Ill. 276; *Boyland* v. *Boyland*, 18 id. 551; *Tompkins* v. *Wiltberger*, 56 id. 389; *Piggott* v. *Snell*, 59 id. 108.

The purpose of the petition was not to contest appellant's election. That being so, there was nothing before the county court to pass upon. The right to hold the office must be determined by *quo warranto*. Rev. Stat. chap. 112, sec. 1, par. 1.

Mr. JOHN L. MURPHY, *pro se:*

The county court had jurisdiction to hear and determine the contest in question. 1 Starr & Curtis, p. 471, chap. 24; p. 1017, chap. 46, sec. 98, par. 100; p. 1019, chap. 46, sec. 112, par. 114; p. 1019, chap. 46, sec. 113, par. 115; *Winter* v. *Thistlewood*, 101 Ill. 450; *Brush* v. *Lemma*, 77 id. 498.

The court had jurisdiction of the defendant. The record shows that he appeared.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This was a proceeding begun in the County Court of Bureau County by the appellee for the purpose of setting aside and annulling the election of the appellant to the office of City Attorney in the city of Spring Valley in that county.

The petition alleges, that Spring Valley was incorporated under the general act for the incorporation of cities and villages; that on April 16, 1889, the annual election was held for the election of city officers for the year 1889; that, at that time, Murphy, the petitioner, was a resident and qualified voter of the city, and eligible to the office of city attorney; that the petitioner and Greenwood were each voted for by the electors of the city at said election for the office of city attorney; that the ballots were counted and returned as required by law; that the returns were canvassed by the city council on April 29, 1889; that the council declared that

Greenwood had received a majority of the votes cast and was duly elected to the office; that Greenwood has qualified for said office, or is about to do so; that, on the day of the election, Greenwood was not a qualified elector of said city and had not resided therein one year next preceding the day of the election, but was, on that day, a resident and elector of the city of LaSalle in LaSalle County; that he was not on April 16, 1889, eligible to the office; that "his pretended election, for the reason set forth, was null and void;" that the petitioner contests the election on the ground of such "legal disqualification" of Greenwood to hold it. The prayer of the petitioner is that "said election be confirmed or annulled according to the right of the matter."

The defendant, Greenwood, did not file an answer to the petition, nor appear in the case either in person, or by attorney. Default was entered against him and a decree rendered by the County Court finding the allegations of the petition to be true; that defendant received the highest number of votes cast for city attorney at the election; that he was not a qualified voter on April 16, 1889; that he had not been a resident of the city for one year next preceding the election; that for the reasons stated in the petition he was not eligible to the office and that his supposed election thereto was and is void. The decree further ordered "that said supposed or pretended election is hereby declared null and void and absolutely annulled and rendered of no force and effect whatever, and that said office is declared to be now vacant."

*First*, in this proceeding the County Court acquired no jurisdiction over the person of the defendant below, the appellant here, for the reason that the summons, issued out of the County Court, was not served upon him in the manner required by the Statute.

Section 114 of chapter 46 of the Revised Statutes, being "An Act in regard to elections," etc. (Starr & Cur. Ann. Stat. page 1019), provides that "summons shall issue against the

person whose office is contested, and he may be served with process, or notified to appear, in the same manner as is provided in cases in chancery." Section 11 of the Chancery Act requires service of summons to be "made by delivering a copy thereof to the defendant, or leaving such copy at his usual place of abode, with some person of the family, of the age of ten years or upwards, and informing such person of the contents thereof." The return of the Sheriff, endorsed upon the summons in the present case, shows that it was served by reading the same to the appellant.

The statutory requirements for service of process must be strictly complied with, and the return of the officer should show such compliance; otherwise the court will not obtain jurisdiction of the person. (*Piggott* v. *Snell*, 59 Ill. 106; *Tompkins* v. *Wiltberger*, 56 id. 385.)

*Second,* in this proceeding the county court had no jurisdiction of the subject matter involved.

If this was a proceeding to contest the election of the appellant to the office of city attorney, the county court would have jurisdiction.

Section 10 of article 4 of the City and Village Incorporation Act (Starr & C. Ann. Stat. page 461, sec. 58) provides that "the manner of conducting and voting at elections to be held under this Act and *contesting the same,* etc., * * * shall be the same, as nearly as may be, as in the case of the election of county officers, under the general laws of this State." Section 98 of chapter 46 above mentioned (Starr & C. Ann. Stat. page 1017, sec. 100) is as follows: "The county court shall hear and determine contests of election of all other county, township and precinct officers and all other officers for the contesting of whose election no provision is made." The provisions thus quoted were discussed in *Winter* v. *Thistlewood,* 101 Ill. 450, and it was there held that the county court has jurisdiction to hear and determine contested elections of mayors of cities organized under the general law relating to

cities and villages. This being so, it also has jurisdiction to hear and determine contested elections of city attorneys of such cities. The case of *Brush* v. *Lemma*, 77 Ill. 496, does not hold the contrary, as counsel seem to suppose, because there it did not appear from the record that the city of Carbondale had adopted the provisions of the general law in regard to the incorporation of cities and villages.

But the object of the present proceeding is not to contest the election of the appellant to the office of city attorney, but to declare his election void upon the ground that he did not possess one of the qualifications of a legal incumbent of the office. The petition does not attack the correctness or fairness of the canvass of the votes; it concedes that appellant received a majority of the votes cast at the election. The decree also finds that appellant received the highest number of legal votes. The only charge against appellant is that he had not resided in the city one year prior to the day of election. Because he lacked the qualification of a sufficient residence, the court below decreed the election to be void and declared the office of city attorney vacant.

We think that the statute limits the power of the county court to contests of elections. That court has no other or further jurisdiction than to determine which of the contestants has been duly elected. The question whether or not a party already elected possesses the necessary qualifications for the office is one which must be determined in another way and by a different proceeding.

Where it is claimed that such an one unlawfully holds an office by reason of his lack of a legal qualification therefor, his right should be determined by information in the nature of *quo warranto* in the name of the People of the State.

The judgment of the county court is reversed, and the cause is remanded to that court with directions to dismiss the petition.

*Judgment reversed.*