GEORGE H. DILCHER

*v.*

FRANK SCHORIK.

*Opinion filed February 17, 1904.*

1. ELECTIONS—*jurisdiction on contest is limited to the question of who was elected.* The jurisdiction of the court in an election contest is limited to the question who was elected, and questions as to the regularity of respondent's nomination and his eligibility to office cannot be considered.

2. SAME—*eligibility to an office must be questioned by quo warranto.* Whether a party elected to office possesses the required qualifications for eligibility can only be determined by an information in the nature of *quo warranto.*

3. SAME—*rule as to validity of nominations.* Under section 10 of the Ballot act, certificates of nomination and nomination papers are deemed valid unless objected to, and in case of objection the decision of the board of town auditors, or board of election commissioners, where such board exists is final.

4. PRACTICE—*party not entitled to amendment regardless of what it is to be.* A party is not entitled, as of right, to have leave to amend a pleading regardless of what the amendment is to be, and there is no presumption that a proposed amendment will be a proper one.

5. SAME—*when it is not error to refuse leave to amend.* It is not error to refuse to allow leave to amend a pleading where the proposed amendment is not presented and where there is no means of determining whether the amendment will be proper.

APPEAL from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

CHARLES A. SURINE, for appellant.

L. A. KAPSA, and McCLELLAN & SPENCER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant filed in the circuit court of Cook county his petition, verified by affidavit, stating that he was a candidate on the democratic ticket for the office of constable at an election held April 7, 1903, in the town of West Chicago; that appellee was a candidate on an independent ticket; that appellee was declared duly elected, but was not eligible to the office on account of not being a resident of the town of West Chicago for a period of one year prior to the day of election, and that appellee, being an independent candidate, was not regularly nominated, for the reason that he did not file with the county clerk a certificate signed by the required percentage of the qualified voters of the town, as required by the statute. The petition did not question the election of appellee, but only the regularity of his nomination and his eligibility to the office. The court sustained a demurrer to the petition, whereupon appellant entered his motion for leave to amend the petition, which motion was denied by the court and the petition was dismissed.

Appellant, by his petition, did not seek to contest the election of appellee, and the court had no jurisdiction of the question sought to be raised by it. Section 10 of the Ballot law provides that certificates of nomination and nomination papers shall be deemed valid unless objected to, and in case of objection the decision of the board of town auditors, or of the board of election commissioners, where such board exists, shall be final. (Hurd's Stat. 1899, p. 804.) The question whether a person elected to office possesses the necessary qualifications can only be determined by information in the nature of *quo warranto*.

207—34

The jurisdiction of the court in a contest of an election is limited to the question who was elected. (*Greenwood* v. *Murphy,* 131 Ill. 604.) The court did not err in sustaining the demurrer.

The only other question is whether the court erred in refusing leave to amend the petition. The statute requires a verified petition, stating the points on which the election will be contested, to be filed within thirty days after the person whose election is contested is declared elected. The petition, which was filed within the time required by statute, did not state any point upon which the election was or could be contested. It merely asked the court to declare appellant, who was not elected, entitled to the office because appellee, who was elected, was not regularly nominated or eligible to the office. Any amendment which would give the court jurisdiction would necessarily constitute an entirely new and different petition after the limitation had run. But if the petition could have been amended no amendment was presented, and the motion did not state in what respect appellant proposed to amend the petition. He does not even now suggest what amendment he desired to make or could have made, but says the amendment was presumably to meet some objection to the petition. A party is not entitled, as of right, to have leave to amend a pleading regardless of what the amendment is to be. A party who desires to file an amended pleading should prepare and submit it to the inspection of the court. There is no presumption that a proposed amendment will be a proper one, and it is not error to refuse to allow an amendment which is not presented and where there are no means of determining whether the amendment will be a proper and sufficient one or not. *Jones* v. *Kennicott,* 83 Ill. 484; *McFarland* v. *Claypool,* 128 id. 397.

The judgment is affirmed.                    *Judgment affirmed.*