THE PEOPLE *ex rel.* Abner G. Murray *et al.*

*v.*

JAMES A. ROSE.

*Announced orally October 22, 1904.*

1. ELECTIONS—*decision of county judges on nomination papers is final.* Under section 10 of the Ballot act, (Laws of 1891, p. 110,) the decision of the county judges of the counties in a Senatorial district as to the validity of nomination papers for the office of representative is final, and will not be interfered with by the Supreme Court in the absence of special circumstances.

2. SAME—*what not ground for interference with the decision of county judges.* That the county judges of a Senatorial district, in passing upon nomination papers, disregard the decision of the State convention as to which of the two Senatorial conventions involved was the regular convention, is not ground for interference by the Supreme Court with the decision of the county judges.

MOTION for leave to file petition for *mandamus.*

ALBERT SALZENSTEIN, for relator.

Mr. CHIEF JUSTICE RICKS announced the opinion of the court:

In this case a motion was made for leave to file a petition for *mandamus.* The matter relates to the nominees for representative in the Forty-fifth Senatorial district. The petition discloses that there were two republican Senatorial conventions for the nomination of the legislative ticket held in the district, and that at each of these conventions persons were nominated for the offices of representative, relators being nominated by one of these and Charles J. Fetzer and Frank J. Heinl being nominated by the other. Certificates of nomination in regular form were filed with the Secretary of State, and objections were filed to the certificate upon which the names of Fetzer and Heinl appeared. The district comprises the counties of Sangamon and Morgan. In such cases, by section 10 of the act of 1891, generally known as the Australian Ballot act, the Secretary of State is required to refer the objections and the certificates to the county judges of the counties comprising the district, and provides that the decision of such judges shall be final. In compliance with this provision the honorable Secretary of State did refer the objections and certificates to the county judges of the respective counties comprising the district, and after full consideration the county judges formulated and announced their decision, in which they found that Charles J. Fetzer and Frank J. Heinl were the due and regular nominees of the republican party for said offices in the said district, and that their names should be certified to the county clerks of said counties to be placed upon the official ballot. It is now urged in this court that it ignore the action of the county judges; that it take jurisdiction of the cause, and that it determine for itself who are the legal nominees of the republican party in said district.

In support of the petition it is contended by the relators that the law is well established, by the decisions of other States at least, that a State convention is the highest political authority in a State, and that a State convention of relators'

party in this State reviewed the proceedings of the two conventions now in question and determined that the convention at which the relators were nominated was the regular convention, and it is further urged that the county judges to whom the question was referred ignored that principle of law and were not controlled by it, as they should have been, and that therefore their decision was wrong.

The legislature, by the act named, has created a special forum or court to which such matters are referable, and that body has seen fit to declare by statute that the decision of the body there provided for shall in such matters be final. It is not pretended that the relators have any right of appeal or that this petition can act as a writ of error. It can hardly be claimed that the proceeding before the county judges is what is known as a suit at law or a proceeding in chancery, as defined by the common law, from which a writ of error might lie to this court. It is purely a statutory proceeding relative to a purely political question, with which this court interferes on very rare occasions, and it is the opinion of this court that there is nothing presented by this petition which it is authorized to take cognizance of or pass upon; that the judgment of the proper tribunal has been invoked and has been received, and although it may be contrary to the law, as contended by the relators, that does not at all interfere with the jurisdiction of the body that tried it, and does not authorize us, in a proceeding for *mandamus,* to review the action of such tribunal, nor will that authorize us to ignore that action and take it as a matter of original jurisdiction here, and, notwithstanding the provisions of the statute making the decision of such tribunal final, determine for ourselves who is entitled to the nomination.

The motion to file the petition will be denied.

*Motion denied.*