State ex rel. Schumacher v. Markham, 160 Wis. 431.

STATE EX REL. SCHUMACHER, Appellant, vs. MARKHAM, Respondent.

*March 5—April 13, 1915.*

*Officers: Action to try title: Corrupt Practices Act: Validity: Proceeding to avoid election: Right to jury trial: Constitutional law: Qualifications for office.*

1. Title to an office is the right to hold it. The certificate of election or appointment is not the title, but is a mere muniment of title and is at best but *prima facie* evidence of it.
2. A proceeding under the Corrupt Practices Act (secs. 94—1 to 94—38, Stats. 1913) to declare void an election to office and to oust and exclude a person from such office because of a violation of said act, is in substance and effect an action to try his right or title to the office. It is not akin to a proceeding for removal for misconduct while in office.
3. As to offices of legislative creation the legislature has a broad discretion as to how the right or title to the office may be tried, but as to constitutional offices the rule is otherwise.
4. Under sec. 5, art. I, Const.,—providing that the right of trial by jury shall remain inviolate,—such right cannot be taken away in any case where it existed when the constitution was adopted. The legislature cannot, by attempting to change the manner of procedure, convert a legal action into an equitable one so as to defeat the right of trial by jury.
5. The right to hold office and enjoy the emoluments thereof is a legal right, and a controversy in respect thereto was, at the time our constitution was adopted, determinable exclusively in courts of law, either party being entitled to a jury trial as matter of right; hence a defendant in an action to try title to a constitutional office has a right to a jury trial on issues of fact, and such right cannot be taken away by the legislature.
6. The Corrupt Practices Act does not prescribe any new qualification or test of eligibility for office, its purpose being to require an aspirant to resort to honest means to secure a nomination or election; but violation of the act goes to the right to hold office.
7. So much of sub. 3, sec. 94—31, Stats. 1913, as provides that the court shall without a jury determine all issues of fact in the proceedings there referred to, is unconstitutional and void. The remaining portion of said section, and the other provisions of the act relative to the practice to be pursued in such proceedings, are valid.
   SIEBECKER and KERWIN, JJ., dissent.

APPEAL from an order of the circuit court for Dodge county: GEORGE GRIMM, Circuit Judge. *Reversed.*

For the appellant there was a brief by the *Attorney General* and *Royal F. Clark,* special counsel, and oral argument by *Mr. Clark* and *Mr. J. E. Messerschmidt,* assistant attorney general.

For the respondent the cause was submitted on the brief of *Sawyer & Sawyer.*

BARNES, J.    At the 1914 September primaries the defendant was a candidate for the nomination for district attorney of Dodge county on the Democratic ticket.    He received a plurality of the votes cast by those voting the Democratic primary ticket and his name was placed in the appropriate column on the ballot to be used at the November election.    He received the greatest number of votes cast for said office at the November election and the proper officers of Dodge county issued to him a certificate of election.    After the issuance of said certificate and before the term of office began, this action was brought to declare the defendant's election void and to oust and exclude him from the office of district attorney of said county and to declare such office vacant.

The complaint set forth that during the primary election campaign the defendant violated various provisions of the Corrupt Practices Act (secs. 94—1 to 94—38, Stats.) on numerous occasions, and more particularly secs. 94—6, 94—7, and 94—28 of said act, by purchasing intoxicating liquors and meals and cigars for voters for the purpose of inducing them to vote for him and by failing to account for such expenditures in the list of disbursements filed with the county clerk of Dodge county.    The complaint further set forth that divers other persons illegally expended large sums of money in support of defendant's primary campaign, with the knowledge and consent of the defendant, and that no statement was filed with the county clerk showing the moneys so disbursed. A number of specific charges were made, showing when and

where the liquid and other refreshments were purchased and by whom they were consumed.

The action was brought on the relation of one *Schumacher*, a duly qualified elector of Dodge county, leave having been first granted by the governor. The attorney general appeared in this court by one of his assistants in behalf of the relator.

The defendant demurred to the complaint on three grounds: (1) Lack of jurisdiction in the court of the subject of the action; (2) relator had not legal capacity to sue; and (3) the facts stated do not constitute a cause of action. The circuit court sustained the demurrer on the ground last stated, holding that the Corrupt Practices Act was void because it denied to the defendant the right of trial by jury guaranteed by sec. 5 of art. I of our state constitution, which provides that "The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy."

Sec. 94—30 and succeeding sections provide for the proceeding to be taken in case of an alleged violation of the Corrupt Practices Act. They are quite summary in their nature. Sub. 3 of sec. 94—31 provides that in such a proceeding *"the court shall without a jury* determine all issues of fact as well as issues of law."

Sec. 94—32 in substance provides that, if it be found that the candidate violated any of the provisions of the act, judgment should be entered declaring the election void and ousting and excluding the candidate from office.

The appellant attempts to meet the constitutional objection to the statute by contending:

(1) The proceeding is not one brought to try the defendant's title to office, but is a special statutory action brought to declare the right to hold the office forfeited because of criminal misconduct, and that it was competent for the legislature to deny a trial by jury in such an action.

(2) If the action be treated as one in the nature of a *quo warranto,* such actions were not solely triable in courts of law

when the constitution was adopted, and, this being so, the legislature may deny the right of trial by jury in such actions.

(3) If the defendant is entitled to a jury trial, still the complaint states a good cause of action, because the provision in regard to a trial by the court may be dropped out of the Corrupt Practices Act and the remainder allowed to stand and the case may proceed to trial under the general provisions of law applicable to actions in the nature of a *quo warranto*.

1. The *title* to an office means the "right" which the claimant has to it. Any proceeding which aims to establish the fact that the claimant is not entitled in the first instance to the possession of the office is an attack upon his right or title to the office. The term necessarily includes eligibility or capacity or competency to act, as well as election or appointment and qualification. To say that a person who has been elected cannot act because of disqualification on account of, age or sex or of not being an elector or of having been engaged in a duel or of having committed an infamous crime or of being a defaulter to the state or a county or town, is just as much a challenge to his title as it is to say that he did not in fact receive a sufficient number of votes to elect him.

The contention of appellant that the certificate of election or appointment is the title to the office cannot be upheld. Such certificate is a mere muniment of title, and is at best but *prima facie* evidence of it. *La Pointe v. O'Malley,* 46 Wis. 35, 57, 50 N. W. 521; *State ex rel. Jones v. Oates,* 86 Wis. 634, 57 N. W. 296; *U. S. v. Le Baron,* 19 How. 73, 78, 79; Throop, Pub. Off. § 298; *Hill v. State,* 1 Ala. 559; *Jeter v. State,* 1 McCord (S. C.) 233; *State ex rel. Cornwell v. Allen,* 21 Ind. 516; *Allen v. State,* 21 Ga. 217; *State v. Johnson,* 17 Ark. 407; *Carter v. Sympson,* 8 B. Mon. 155; *Callison v. Hedrick,* 15 Grat. 244; 29 Cyc. 1415 and cases cited. In one of the above cases the certificate is referred to as conferring a *prima facie* right to an office. What is evidently meant is *prima facie* evidence of right. In the *Ekern-Mc-*

*Govern Case,* 154 Wis. 157, 142 N. W. 595, it was held that the *prima facie* evidence of right conferred by a certificate of appointment was not a sufficient evidence of right or title to warrant the ouster of a *de facto* officer in possession *pendente lite.*

It does not change the nature of this action to say that it seeks to declare the office forfeited. The essential fact is that the plaintiff asserts that defendant never became an officer and never was entitled to the possession or emoluments of the office because of acts done during the primary election campaign. It is difficult to see how right or title could be more efficiently challenged, or how this action can be disposed of without trying the defendant's title.

The writ of *quo warranto* was used from the beginning to determine by what *right* an office was held, and invariably reached the matter of capacity to hold or eligibility, as well as the regularity of the appointment or election. 3 Bl. Comm. 262; High, Extr. Leg. Rem. (3d ed.) § 592; Mechem, Pub. Off. §§ 477, 478; 32 Cyc. 1421, 1423; *People ex rel. Faile v. Ferris,* 76 N. Y. 326; *Watkins v. Venable,* 99 Va. 440, 39 S. E. 147; 41 Cent. Dig. p. 1446, § 14; *Greenwood v. Murphy,* 131 Ill. 604, 23 N. E. 421; *Dilcher v. Schorik,* 207 Ill. 528, 69 N. E. 807; *State ex rel. Kesler v. Collister,* 27 Ohio C. C. 529; 23 Am. & Eng. Ency. of Law (2d ed.) 596 and cases cited. The statutory substitute for a proceeding in the nature of a *quo warranto* has been generally resorted to in this state where the question raised was eligibility or capacity to hold the office. *State ex rel. Tesch v. Von Baumbach,* 12 Wis. 310; *State ex rel. Schuet v. Murray,* 28 Wis. 96; *Fordyce v. State ex rel. Kelleher,* 115 Wis. 608, 92 N. W. 430; *State ex rel. Walsh v. Dousman,* 28 Wis. 541; *State ex rel. Ryan v. Boyd,* 21 Wis. 208; *State ex rel. Phelps v. Goldthwaite,* 16 Wis. 146; *State ex rel. Ames v. Southwick,* 13 Wis. 365. As to offices of legislative creation, the legislature no doubt has a broad discretion as to how the right or title to the office may

be tried, but as to constitutional offices the rule is otherwise. *State ex rel. Bloomer v. Canavan,* 155 Wis. 398, 145 N. W. 44.

2. The language of sec. 5, art. I, Const., that "the right of trial by jury shall remain inviolate," means that it shall remain as full and perfect as it was when the constitution was adopted and shall extend to all cases where the right existed at that time. *Gaston v. Babcock,* 6 Wis. 503, 506; *Stilwell v. Kellogg,* 14 Wis. 461; *Att'y Gen. v. Railroad Cos.* 35 Wis. 425, 551; *Klein v. Valerius,* 87 Wis. 54, 60, 57 N. W. 1112; *Reliance A. R. Co. v. Nugent,* 159 Wis. 488, 149 N. W. 377.

The nature of the right involved must necessarily determine whether the matter must be tried by a jury or not. The legislature cannot by attempting to change the manner of procedure convert a legal action into an equitable one so as to defeat the right of trial by jury. If this were so, the constitutional guaranty would mean nothing. *In re Booth,* 3 Wis. 1, 40; *Walker v. N. M. & S. P. R. Co.* 165 U. S. 593, 596, 17 Sup. Ct. 421.

The right to hold office and enjoy the emoluments thereof is a legal right. When a controversy arose over such right, it was determinable exclusively in courts of law at the time our constitution was adopted, either party being entitled to a jury trial as a matter of right. *State ex rel. Att'y Gen. v. Messmore,* 14 Wis. 115; *State ex rel. Atkinson v. McDonald,* 108 Wis. 8, 84 N. W. 171; *Parsons v. Durand,* 150 Ind. 203, 49 N. E. 1047; *Metz v. Maddox,* 189 N. Y. 460, 82 N. E. 407; *People v. A. & S. R. Co.* 57 N. Y. 161; *People ex rel. Gorman v. Havird,* 2 Idaho, 498, 25 Pac. 294; *Buckman v. State ex rel. Spencer,* 34 Fla. 48, 15 South. 697, 24 L. R. A. 806; *State ex rel. West v. Cobb,* 24 Okla. 662, 104 Pac. 361.

We think it is quite clear that a defendant in an action to try title to a constitutional office has a right to a jury trial on issues of fact, and that such right cannot be taken away by the legislature.

The proceeding is not akin to one for removal for misconduct while in office. Various methods of amotion from office for misfeasance, malfeasance, or incompetency were resorted to before the adoption of the constitution, and the law at that time did not give to officers a right of trial by jury where removals were sought on the grounds stated. In a proceeding to remove for any legal cause, the right or title to the office is ordinarily admitted, but the claim is made that the right has been lost through misconduct or incompetency. In the present case the plaintiff's position is that the election conferred neither right nor title. Amotion is not sought because of any act done by the defendant while performing the duties of the office.

3. We cannot think that the matter of a court trial instead of one by jury could have been a controlling factor in inducing the legislature to pass the act. When the act was passed, trial by jury was at least as popular as trial by court, and probably more so. The void and valid parts of this act are not interdependent on each other and are not so connected that the void part may not be dropped out and the valid ones enforced, and it seems quite obvious that the legislature would have enacted the law omitting the void part had it understood that it was void.

We do not construe the statute as prescribing any new qualification or test of eligibility for the office of district attorney. Saying that a man who commits a criminal offense in pursuing his endeavor to secure a nomination or an election shall not be entitled to hold the office, is not prescribing a qualification, but is rather imposing a penalty for violating the law. The aim of the statute is to require the aspirant for office to resort to honest means to get it. *Saari v. Gleason,* 126 Minn. 378, 148 N. W. 293, 295. The violation of the statute goes to the right to hold office, just as does a question of eligibility or of failure to secure a majority of the votes, and accused candidates have the right to say that only

a jury of their peers shall convict them.    Anything that affects the right of a party to take office in the first instance involves the title to the office.

Some other questions have been argued, but we do not deem it necessary to discuss them.

So much of sub. 3 of sec. 94—31 as provides that the court shall without a jury determine all issues of fact in proceedings brought under the provisions of secs. 94—1 to 94—38, Stats., is held to be unconstitutional and void.    The remaining portion of said section and the other provisions of the act relative to the practice to be pursued in actions arising thereunder are held to be valid.    The complaint stated a good cause of action and it was error to sustain the demurrer.    On issue being joined and the cause noticed for trial, the court should proceed to summon a jury as provided by ch. 149, Stats., if the action be not noticed for trial at a term of court where a jury is regularly impaneled.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.

SIEBECKER, J. (*dissenting*).    The holding of the court that the issue in the special proceeding raises the question of defendant's title to office seems to me an erroneous interpretation of the statutes.    The statutes provide (secs. 94—30 to 94—38) a "special proceeding" to ascertain whether these statutes have been violated by any candidate for office, and, if he is found guilty, then "judgment shall be entered declaring void the election of such candidate to the office for which he was a candidate, and ousting and excluding him from such office and declaring the office vacant."    Sec. 94—32.    By sec. 94—36 it is provided that if a person in a criminal action is adjudged guilty of a violation of these statutes, ". . . the court shall, after entering the adjudication of guilty, enter a supplemental judgment declaring such person to have forfeited the office in the conduct of the campaign for the nomination or election to which he was guilty of such viola-

tion, and shall transmit to the filing officer of such candidate a transcript of such supplemental judgment, and thereupon such office shall be deemed vacant and shall be filled as provided by law." The language of these provisions clearly shows that the special proceeding provided thereby does not in any way purpose to try the title to the office, but assumes that the party proceeded against has been duly elected to the office. The intent of the legislature is clearly manifested by declaring the guilty party "to have forfeited the office." The obvious effect of his wrongful conduct is that he forfeits his legal title to the office by his conduct in the campaign. This meaning is emphasized by the provision that ". . . .nothing contained in this act shall be considered as in any way limiting the effect, or preventing the operation of remedies now in existence in such cases" (sub. 3, sec. 94—30), which leaves all remedies, including *quo warranto,* in force should any question of the right to the enjoyment of and title to office arise. I am unable to perceive how the inquiry of title to office is in any way involved in this special proceeding, other than that it is always involved in all legal proceedings to declare a forfeiture of the right to hold an office to which a person holds the title under an election or an appointment. The court declares that "Any proceeding which aims to establish the fact that the claimant is not entitled in the first instance to the possession of the office is an attack upon his right or title to the office. The term necessarily includes eligibility or capacity or competency to act, as well as election or appointment and qualification." The candidate's misconduct denounced by the statute and which operates as a forfeiture of rights to the office does not deal with his eligibility, capacity, or competency, but deals with his misconduct as cutting off the legal right and title he legally obtained pursuant to the votes of the electors. The legislature is fully empowered to attach such a condition to a candidate's right of holding a public office. The context of the statutes, in my opinion, clearly admits that the party proceeded against has a legal right to the office, but that by reason of his

misconduct he loses it, and when this fact is legally established in the manner provided by the statutes the office is declared vacant. I cannot concur in the view that the legal question involved here is as to the title to office and that it can only be tested by *quo warranto,* the remedy commonly instituted at the time of the adoption of the state constitution, where some person other than the relator or a person for whose benefit it is prosecuted claims title to or is in actual possession or use of an office without warrant of title. I am of the opinion that the provision of the statute providing that the court may determine all issues of fact arising in the prescribed special proceedings without a jury, is valid.

Mr. Justice KERWIN concurs in the views herein expressed.