---

(Nos. 14910-14943.—Judgment affirmed.)
WILLIAM S. SWINEY *et al.* Appellants, *vs.* THOMAS J. PEDEN *et al.* Appellees.

*Opinion filed December 19, 1922.*

1. ELECTIONS—*when nomination of judges of municipal court is invalid.* A nomination of candidates for the office of judge of the municipal court of the city of Chicago made by a county convention of the candidates' political party is invalid, as such a convention has no authority to nominate candidates for a municipal office.

2. SAME—*objections to nomination papers must be made to the election board.* The board of election commissioners is authorized to hear and pass upon objections to the nomination papers of candidates, and its decision is by statute made final and not subject to review.

3. SAME—*question of validity of nomination cannot be raised in election contest—waiver.* In an election contest the only power the court has is to determine which of the contestants has been elected, and where a candidate has failed to file objections to the certificate of nomination of his opponent with the board of election commissioners, he must be held to have waived the objections and cannot raise the question in a contest of the election.

APPEALS from the Superior Court of Cook county; the Hon. TIMOTHY D. HURLEY, Judge, presiding.

J. LESTER WILLIAMS, (C. ARCH WILLIAMS, of counsel,) for appellants.

JAMES G. SKINNER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellants William S. Swiney and James C. McGloon filed their petition to contest the election of the appellees, Thomas J. Peden, Emanuel Eller and Alberto N. Gualano, to the office of associate judges of the municipal court of the city of Chicago. The original petition was filed July 12, 1922. The basis of the grounds of contest was that Peden, Eller and Gualano had never been lawfully nominated for said office, that their names had been printed on the ballot without authority of and contrary to law, and that such irregularity invalidated their election. The petition was by leave of court amended July 24 by making appellant Eugene Stewart an additional party defendant. Stewart answered the petition and filed a cross-petition, setting out at greater length than did the petition the grounds upon which it was contended Peden, Eller and Gualano were not elected, and alleging that cross-petitioner was voted for and elected one of the associate judges of the municipal court at the election. Peden, Eller and Gualano demurred to the petition and moved to strike the cross-petition of Stewart. The demurrer and the motion to strike the cross-petition were sustained and the original petition as amended was dismissed. From that judgment Swiney, McGloon and Stewart prosecuted a joint appeal, and Stewart also prosecuted a separate appeal. Both appeals have been consolidated, as the records and briefs are identical in the two cases, and will be disposed of as one case by this opinion.

In brief, the facts are there were three vacancies in the office of associate judge of the municipal court of the city of Chicago to be filled at the election held June 5, 1922. The vacancies were in terms of office which expired December 4, 1922. No primary election was held by any party or organization to nominate candidates for said vacancies nor were any candidates nominated by petition. There was filed in the office of the city clerk of Chicago April 28, 1922, and by the clerk transmitted to the board of election commissioners of said city May 4, 1922, the following certificate:

"This is to certify that at the republican county convention held Monday, April 24, 1922, in the Crystal room of the Hotel Sherman, at the northwest corner of Clark and Randolph streets, in the city of Chicago, county of Cook and State of Illinois, said convention being held pursuant to call properly filed in the office of the Secretary of State of the State of Illinois, the following nominations were made for the position of associate judge of the municipal court of Chicago:

"Thomas J. Peden, 9117 Commercial avenue, Chicago, Ill.
"Emanuel Eller, 901 W. Roosevelt road, Chicago, Ill.
"Alberto N. Gualano, 929 N. Menard avenue, Chicago, Ill.

Wm. H. Weber, *Secretary."*          HOMER K. GALPIN, *Chairman.*

The names of the persons mentioned in the certificate were by the board of election commissioners caused to be printed on the official ballot to be voted at said election, in a column under the caption "Republican." There were several other columns under different headings in the ballot, one of them under the heading "Independent," but no candidates' names were printed on said ballot under that heading for the office of associate judge of the municipal court to fill the vacancy for the term expiring December 4, 1922. At the election the names of appellants were written on the ballot in the column headed "Independent" by persons who voted for them. Appellee Eller received 71,076 votes, appellee Peden 68,554 and appellee Gualano 64,116. Appellant Stewart received 1800 votes, appellant McGloon 134 and appellant Swiney 54.

Appellants contend that the nominations for said office by political parties were required to be made at a primary election in the manner provided by the Primary Election law and could not be made otherwise; that such primary election must be held three weeks before the date of the election; that no convention, caucus or managing committee could lawfully nominate a candidate to fill a vacancy in the office of associate judge of the municipal court unless there had previously been a lawful nomination made in accordance with the Primary law and a vacancy had occurred in such nomination.

Reduced to its last analysis, the contention of appellants is that appellees were never lawfully nominated; that the certificate filed with the board of election commissioners was invalid and did not authorize the commissioners to cause the names of appellees to be placed on the ballot to be voted at said election. Appellees received a majority of the votes cast for candidates for said office and were elected unless the method of their nomination invalidates their election.

The Primary Election law of 1910 provides that nominations of candidates for judge of the municipal court of the city of Chicago by all political parties shall be made by a primary election. (Hurd's Stat. chap. 46, p. 1467.) Appellees contend the last clause of section 6 of the Primary Election law provides for nominations, such as were here made, three weeks before the date of the election; that it is not possible to do the things required to be done between the primary and election day, and that the law as applied to said nominations is therefore inoperative and void under the decision of *People* v. *Sweitzer,* 266 Ill. 459. If it be conceded that is correct, the nominations of appellees we do not think were made in a lawful manner and by a body authorized to make such nominations. They were candidates of a political party for a municipal office for the city of Chicago, but their nominations were made by a county conven-

tion of their political party. A county convention composed of delegates of a political party was no more authorized to nominate candidates for city offices for the city of Chicago than would be a State convention composed of delegates from the entire State. · A different question would be presented if the nominations had been made by a city convention of the city of Chicago, but we see no escape from the conclusion than the nominations of appellees were unlawful and the certificate of their nomination invalid. No objection was made to it, and the election commissioners by virtue of it caused appellees' names to be printed on the official ballot. The question then is presented whether in this contest the manner in which appellees' names got on the ballot as candidates can be considered in determining who was elected.

Section 10 of the Ballot law (Hurd's Stat. chap. 46, p. 1445,) authorizes objections to be made to nomination papers. If none are made and the papers filed are in apparent conformity with the statute they shall be deemed valid. If objections had been made to the nomination papers of appellees they were required to be filed with the board of election commissioners, and that board would have been required to hear and decide on the objections. Their decision, by the statute, is made final and not subject to review. (*People* v. *Rose*, 211 Ill. 249.) It was decided in *Welsh* v. *Shumway*, 232 Ill. 54, that the jurisdiction in an election contest is limited to the question who is elected, and that the failure of a candidate to object to his opponent's certificate of nomination in the manner provided by statute waives the objection and it cannot afterwards be raised in an election contest.

*Schuler* v. *Hogan*, 168 Ill. 369, was a contest of the election of sheriff of Pulaski county. One ground of the contest was that the candidate declared elected was on the official ballot as the candidate nominated by the republican

party; that said party did not have two per cent of the votes cast at the next preceding general election and therefore had no legal right to nominate a candidate for said office. No objections were filed to the nomination before the election. In passing on that question the court said: "The requirement that the nomination of a political party shall be placed upon the ballot under the party appellation as designated in the certificate of nomination is intended as a guide to the voter. But the voter has nothing to do with the preparation of the ballot, and therefore he cannot be deprived of the right to have his vote counted for the candidate of his choice because the ballot does not give the title of the political party to which his candidate belongs. A candidate should not be permitted to lie by and point out such objections as the present, after the election has been held. To permit such a course would be to defeat a fair expression of the will of the people. Where a candidate for public office makes no objection to the certificate of nomination of his opponent before the election when the statute provides for the time and mode of presenting such objections, he should be regarded as having waived all objections that may exist to the presence on the official ballot of any names of nominees not properly entitled to be there."

*Dilcher* v. *Schorik,* 207 Ill. 528, was a contest of election of constable in the town of West Chicago. The petition alleged the candidate declared elected was not a resident of the town and was not eligible to hold the office; that he was an independent candidate and was not lawfully nominated for the reason that he did not file with the clerk a certificate signed by the number of voters required by law. The trial court sustained a demurrer to the petition and dismissed it. This court said: "Appellant by his petition did not seek to contest the election of appellee, and the court had no jurisdiction of the question sought to be raised by it. Section 10 of the Ballot law provides that certificates

of nomination and nomination papers shall be deemed valid unless objected to, and in case of objection the decision of the board of town auditors, or of the board of election commissioners, where such board exists, shall be final. (Hurd's Stat. 1899, p. 804.) The question whether a person elected to office possesses the necessary qualifications can only be determined by information in the nature of *quo warranto.* The jurisdiction of the court in a contest of an election is limited to the question who was elected. (*Greenwood* v. *Murphy,* 131 Ill. 604.) The court did not err in sustaining the demurrer."

It was held in *People* v. *Strassheim,* 240 Ill. 279, that "after an election has been held the title to their offices of the successful candidates cannot be affected by a decision holding the law under which the nominations were made, invalid."

While in our opinion the certificate of nomination of appellees was not in conformity with law, a remedy was provided for raising the question of its sufficiency before the election by filing objections to it. Under the decisions cited above, failure to object then waived the objections and the question cannot be raised in an election contest. Other cases holding that in an election contest the only power the court has is to determine which of the contestants has been elected are *Edgcomb* v. *Wylie,* 248 Ill. 602, *People* v. *McWeeney,* 259 id. 161, and *Greenwood* v. *Murphy, supra.*

The petition of appellants did not authorize the court to pass on the validity of the nomination of appellees.

The demurrer was properly sustained, and the judgment is affirmed.

*Judgment affirmed.*