**W. G. Scott, Defendant in Error, v. J. M. Simmons et al., Plaintiffs in Error.**

term, 1930. Heard in this court at the February Opinion filed January 19, 1931.

Frank J. Burns and James T. Burns, for plaintiffs in error.

B. F. Anderson, for defendant in error.

Mr. Presiding Justice Barry delivered the opinion of the court.

In an action of assumpsit defendant in error recovered a judgment against plaintiffs in error by default. The sheriff's return on the summons shows that it was served by reading only.

Plaintiffs in error contend that the service in that regard was insufficient to give the court jurisdiction over them. The statute provides that service of summons, except when otherwise expressly provided by statute, shall be made by leaving a copy thereof with the defendant in person. Cahill's Ill. St. ch. 110, ¶ 2. When a statute requires that the service of a summons shall be made by leaving a copy with the defendant, service by reading is not sufficient to give the court jurisdiction, where the defendant does not appear and plead. *Sconce v. Whitney,* 12 Ill. 150; *Wilhite v. Pearce,* 47 Ill. 413; *Greenwood v. Murphy,* 131 Ill. 604-607.

There is no escape from the conclusion that the court failed to acquire jurisdiction of the plaintiffs in error and for that reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*