[File No. 6970]

JOHN MAHER, Appellant, v. EMIL JAHNEL, Respondent.

(19 NW2d 453)

Opinion filed June 26, 1945

*J. O. Wigen* and *Morrison & Skaug,* for appellant.

*C. F. Kelsch,* for respondent.

NUESSLE, J. This is an election contest. The trial court found for the contestee and judgment was ordered and entered accordingly. Thereupon the contestant perfected the instant appeal.

There is no dispute as to the facts. They are stated by the contestant

as follows: Contestant and contestee were both residents and qualified electors of the Third Commissioners District in Sioux County. At the 1944 primary election (held pursuant to the statute, § 16–0401, Rev Code 1943, on June 27, 1944) both were candidates for nomination as candidates for the office of county commissioner. At this election contestant received forty-two votes and contestee seventy-nine votes. There being no other candidates, both received certificates of nomination. The contestee failed to file his statement of campaign expenses as required by the statute, § 16–2004, Rev Code 1943, but both his name and that of the contestant were placed upon the general election ballot. At that election the contestee received ninety-seven votes and the contestant eighty votes. Accordingly, contestee was declared elected by the county canvassing board.

The contestee was ill and in a hospital during the month of June 1944, and did not conduct any campaign or expend or promise any money to promote his candidacy for the nomination. His failure to file the required statement of expenses was not with any evil intent to suppress the truth or mislead or deceive the electorate.

The contestant did not take any action to restrain the county auditor from placing contestee's name on the fall election ballot, or to have contestee's name stricken therefrom.

The contestant does not claim to be entitled to the office. He brings this proceeding as an elector pursuant to the provisions of § 16–1501, Rev Code 1943, on the theory that contestee by failing to file his statement of primary campaign expenses as required by § 16–2004, supra, was guilty of an illegal act in or about the general election subsequently held in November. He predicates his case upon the provisions of § 16–2022, which reads:

"Upon the trial of an action or proceeding under the provisions of this chapter (chapter 16-20, Rev Code 1943) to contest the right of any person declared to be nominated or elected to any office, or to annul or set aside such election, or to remove any person from his office, if it shall appear that such person was guilty of any corrupt practice, illegal act, or undue influence in or about such nomination or election, he shall be punished by being deprived of the nomination or office as the case may be. . . ."

The proceeding was begun by service of notice of contest on November 17, 1944. The contestee answering this notice challenged the jurisdiction of the court in the matter as well as the sufficiency of the notice, on the ground, among others, that the proceeding was not commenced within forty days after the return of the election at which such alleged offense was committed. He also set up other defenses, not necessary here to consider. Thereupon the contestant moved to amend his notice, which motion was resisted by the contestee. The motion was granted, the amendment was allowed, and the case came on for trial. On the trial, contestee continued his objection to the jurisdiction of the court and to the sufficiency of the contest notice on all of the grounds urged in his original answer. The court deferred passing upon the objection and testimony was offered and received. The court found the facts substantially as heretofore stated and without ruling on the objection to the jurisdiction or the sufficiency of the notice, held that on the facts as found the contest should be dismissed.

Assuming for the purposes of this opinion, that, as the contestant contends, contestee's failure to file his statement of primary campaign expenses constituted an illegal act within the meaning of that term as used in § 16–2022 and that the proceeding was rightly brought pursuant to the provisions of that section, the requirements of § 16–2023 are controlling. Pursuant to the latter section an action to contest an election for any offense mentioned in Chapter 16–20 (the Corrupt Practice Act) must be commenced within forty days after the return of the election at which the offense was committed. If it is not brought within that time, then there is no case and the court has no jurisdiction in the matter. See Soules v. Wolf, 65 ND 194, 256 NW 757; Walton v. Olson, 40 ND 571, 170 NW 107. Now the primary election at which the contestee was nominated and for which he failed to file his statement of campaign expenses, was held on June 27, 1944. This proceeding was begun on November 17, 1944, so the return of that election was made more than forty days before the proceeding was begun. The determining question then is as to whether the failure of the contestee to file his statement of expenses incurred for the primary election was related to or connected with that election, or related to or connected with the general election held on November 7, 1944.

The contestee's failure to file his statement of expenses was an act of omission rather than of commission. It resulted because of his oversight and not because of any intent on his part to evade any requirement of the Corrupt Practice Act or to conceal any expenditures that he might have made. In fact, he made no expenditures in connection with the primary election. If his failure to file the statement was an offense, an illegal act within the meaning of that term as used in § 16–2022, supra, it was such an offense whether or not he was nominated at the election. Every candidate at that election was required under the terms of the statute to file such a statement even though he received not a single vote. So far as the general election was concerned, contestee did nothing with respect to it. He did not cause his name to be placed on the ballot. The auditor did that. The purpose of § 16–2004 is to prevent the expediture of money in aid of elections beyond the amount permitted by the statute. Contestee's failure to file the statment of expenses as required by it did not render him ineligible as a candidate. It did render him liable to a penalty for his default pursuant to the terms of § 16–2004, unless excused by the court. And because of his failure to file his statement of expenses, § 16–2020 denied him the privilege of having his name placed upon the general election ballot. But those were the only consequences that he suffered because of his failure, other than the possibility of a contest pursuant to § 16–2022. Even though his name had not been on the ballot he would have been entitled to a certificate of election if at the general election a majority or plurality of the electors voting, had cast their votes for him for the office of county commissioner. It is especially to be noted that § 16–2002 limits campaign expenses that may be incurred at primary elections, while § 16–2003 limits campaign expenses that may be incurred at general elections and that itemized statements of expenses for both of these elections must be filed—in the case of a primary election within fifteen days after that election—and in the case of a general election, within fifteen days after that election. And the provisions of §§ 16–2022 and 16–2023 manifestly apply to both the primary and the general elections. So since § 16–2023 provides that an action to contest "shall be commenced within forty days after the return of the election at which such offense was committed," it necessarily follows that the

failure to file must be held to relate to the election which immediately preceded it. In other words, "the election at which such offense was committed", must be held to mean the election to which the statement of expenses was related or with which it was connected and in or about which the challenged nomination or election to office was had. To construe the statute otherwise would make it inapplicable to a general election and there could be no contest on the ground of failure to file the statement of expenses incurred at a general election. Accordingly, we hold that the contestee's failure to file a statement of expenses incurred at the primary election was an act of omission committed at the primary election and not at the general election and if it was a ground for contest, such contest was required to be brought within forty days after the return of the primary election. It follows that the objection to the jurisdiction of the court and to the sufficiency of the contest notice was well taken and should have been sustained, so the judgment of dismissal must be and it is affirmed.

CHRISTIANSON, Ch. J., and BURKE, MORRIS and BURR, JJ., concur.