174

342 P.2d 206

William Ralph GRIFFIN and John Joseph Hourihan, individually, and in the right and on the behalf of the electors and members of the Democratic Party of the State of Arizona and in the right and on behalf of the citizens and electors of the State of Arizona, Appellants,

v.

A. P. (Jack) BUZARD, Appellee.

No. 6796.

Supreme Court of Arizona.

July 15, 1959.

John E. Madden, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, and John P. Frank, Phoenix, for appellee.

UDALL, Justice.

This is a general election contest brought under A.R.S. § 16–1201. It is a companion case to the primary election contest of Griffin v. Buzard, 342 P.2d 201. The appeals were ordered consolidated for briefing and oral argument. The parties to the two appeals are the same; the pleadings and factual basis for the instant contest are identical with those presented in the other case. However, it is conceded in the briefs that contestee, Buzard, was the unopposed Democratic candidate for the office of Corporation Commissioner (term ending January 4, 1965); that having received the greatest number of votes cast for said office at the general election held on November 4, 1958, he was declared elected thereto and was issued a certificate of election and, since the first of this year, has been and now is serving as a member of said Commission.

A contest was timely filed by contestants after the general election; contestee moved to dismiss said statement of contest for failure to state a claim upon which the relief prayed for could be allowed; the trial court granted said motion and entered judgment dismissing the contest. This appeal followed.

Obviously this general election contest and the instant appeal were filed out of an abundance of caution—though we believe unnecessarily—for it is conceded that all of the matters complained of and which are enumerated as grounds for contest relate to (a) the Primary, and not the General election; (b) are based upon alleged irregularities in the primary election; and (c) relate to things that occurred prior to and at the time of the primary election held on September 9, 1958, none of them being directly related to matters arising out of the general election. The only new legal issue presented here is the novel question as to whether the alleged commission of an offense against the elective franchise, arising out of a primary election, presents grounds for the contest of the election at the subsequent general election of the party who allegedly committed such offense.

The contestants' authority in support of an affirmative answer to this question is found in a text statement appearing in 29 C.J.S. Elections § 216(e), note 20, and in State ex rel. Sckumacher v. Markham, 1915, 160 Wis. 431, 152 N.W. 161, 164; State ex rel. La Follette v. Kohler, 1930, 200 Wis. 518, 228 N.W. 895, 69 A.L.R. 348. While there is a dearth of authority upon the precise question, counsel for the contestee cite Maher v. Jahnel, 1945, 73 N.D. 742, 19 N.W.2d 453; Kluemper v. Zimmer, 1931, 240 Ky. 225, 41 S.W.2d 1111; and Hardin v. Horn, 1919, 184 Ky. 548, 212 S.W. 573, as authority for the proposition that an act of omission, i. e., to file a statement of expenses incurred at the primary election referred to in the Maher case, supra, or a violation of the corrupt practice act in the primary (Kluemper case), must be presented in a contest of the nomination and not otherwise. None of the decisions from other states are too helpful inasmuch as they involve, to a considerable extent, the peculiar election contest statutes of other jurisdictions that are readily distinguishable from those of this state.

We are constrained to hold on the basis of both logic and common sense that where, as here, the ground of contest is an alleged offense against the elective franchise occurring prior to or during a primary election that same can only be reached in a primary contest. It does not seem plausible, under our statutes, to sustain a contest of a general election where nothing improper or irregular occurred subsequent to the primary election, hence the trial court was correct in entering a judgment dismissing the appellants' statement of general election contest. However, this action by the lower court does not prejudice contestants' rights in their other appeal, Ariz., 342 P.2d 201.

Judgment affirmed.

PHELPS, C. J., and STRUCKMEYER, JOHNSON and BERNSTEIN, JJ., concur.