PEG McDONNELL BRESLIN, Plaintiff-Appellee, *v.* TIMOTHY J. WARREN, Defendant-Appellant.

Fourth District   No. 14154

Opinion filed January 27, 1977.

Andrew M. Raucci, of Chicago, for appellant.

Giffin, Winning, Lindner, Newkirk, Cohen, Bodewes & Narmont, of Springfield (Herman G. Bodewes, of counsel), for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:
On or about November 30, 1976, plaintiff was declared to be a duly elected Representative for the 38th Legislative District in the Illinois General Assembly, convening on January 12, 1977, and a certificate of election was issued to her.

Defendant, as a qualified voter for that district, filed and served a "Notice of Intention to Contest Election and to Challenge Qualifications" as provided in section 23—13 of the Election Code. (Ill. Rev. Stat. 1975, ch. 46, par. 23—13.) Defendant agrees that he seeks only to challenge the qualifications of plaintiff to serve as a Representative upon the issue of two years of residency within the 38th District. Ill. Const. 1970, art. IV, § 2(c).

Purporting to act under the authority of section 23—14 of the Election Code (the paragraphs of Illinois Revised Statutes, chapter 46, have numbers identical with the sections of article 23 of the Code), the defendant served notice upon plaintiff requiring the latter to appear before a notary public in Chicago, Illinois, for the taking of plaintiff's depositions and for the production of certain documents as provided in section 23—15 of the Code, including Federal and State income tax returns for specified years, bank statements and "[a]ny and all other documents which would reflect upon residency in the year 1975." No part of the 38th Legislative District lies within the City of Chicago or within Cook County.

Defendant appeals from an order of the circuit court finding that section 23—14 of the Election Code "is inapplicable and does not include or provide for the taking of depositions or the production of documents or other tangible items of a party who is a member-elect of the Illinois General Assembly in connection with a proceeding filed or to be filed with the 80th General Assembly challenging the qualification of a member or member-elect of the Illinois General Assembly prior to the convening of the body to which the party is a member elect," and upon such finding the court enjoined defendant from taking plaintiff's deposition and seeking production of documents "except as may be hereafter authorized by the House of Representatives of the 80th General Assembly."

Article IV, section 6(d), of the Illinois Constitution of 1970, provides in part:

> "Each house shall determine the rules of its proceedings, judge the elections, returns and qualifications of its members and choose its officers."

Such language preserves the substance and is essentially identical with the language of the comparable provision found in article IV, section 9, of the Constitution of 1870.

Article 23 of the Election Code provides for the contesting of elections. We find that the pattern and scheme of the statute has remained unchanged for many years in that contested elections for state elective officers shall be heard and determined by both houses of the legislature (par. 23—1). Each house of the legislature shall hear and determine contests of the elections of its own members (par. 23—2), while contests

for all other elective officers shall be heard in the courts (pars. 23—3, 23—4, 23—5 and 23—20).

Section 23—12 of the Code provides that:

> "The election of any member declared duly elected to a seat in the senate or the house of representatives of the General Assembly, may be contested by any qualified voter of the district * * *."

Section 23—13 provides that the "contestant" shall serve "a notice of his intention to contest such election" on the person whose election is to be contested and shall deliver copies `of such notice to each clerk or custodian of the ballots involved and to the State Board of Elections.

The portion of the Code at issue is section 23—14, which provides: "Whenever a notice shall have been given of intention to contest an election, as provided in the preceding section, either party may proceed to take testimony of any witness before any judge * * *," upon the giving of notice as provided.

■■ Section 23—15 provides that the officer before whom the deposition is taken shall have power to compel the production of papers and the attendance of witnesses. By their express provisions the cited sections are limited to contests for a seat in the legislature and we find no comparable provision in the contest of an election for State elective office, judicial or other public office.

Upon appeal defendant urges that article 23 of the Election Code does not distinguish between an "election contest" and a "qualification challenge," and that the cited portions apply equally to each form of inquiry. The determination of such issue disposes of the case.

The supreme court has held that the right to contest an election is purely statutory, and that the function of an election contest is to determine the number of votes for and against a candidate or a public measure. (*Wagler v. Stoecker* (1946), 393 Ill. 560, 66 N.E.2d 408; *Mayes v. City of Albion* (1940), 374 Ill. 605, 30 N.E.2d 416; *Dilcher v. Schorik* (1904), 207 Ill. 528, 69 N.E. 807.) The purpose or design of an election contest is to effect the will of the people through the counting of the votes upon the question presented to them. *Zahray v. Emricson* (1962), 25 Ill. 2d 121, 182 N.E.2d 756; *Cummings v. Marcin* (1973), 16 Ill. App. 3d 18, 305 N.E.2d 606.

■■ As to those matters in elections which are considered by the courts, an election contest has been consistently distinguished from an examination of the qualifications of one proclaimed to have been elected to office and the courts have consistently held that the qualifications to hold office of one so elected can only be determined by proceeding in *quo warranto*. *Dilcher v. Schorik; Mayes v. City of Albion; Wagler v. Stoecker.*

The Rules of the House of Representatives of the 79th General

Assembly were an exhibit before the trial court. Rule 74 preserves a distinction between an "election contest" and a "qualification challenge." Part (a) of Rule 74 provides:

"An election contest shall place in issue only the validity of the results of an election of members * * *."

Part (b) provides:

"A qualification challenge shall place in issue only the qualifications of an incumbent member of the House * * *."

Rule 75(b) provides that election contests may be only brought by the procedures established by the Election Code. Rule 76 establishes a procedure for a "qualification challenge." It makes no reference to the Election Code or to the giving of notice as provided in that Code. There is no provision for the giving of notice or for proceeding until such challenge has been filed with the Clerk of the House.

■■ We thus find no basis in authority or documentation which supports a conclusion that the provisions of the Election Code for the contest of an election are to be considered or treated as applicable to a challenge of the qualifications of one declared to be elected a member of the House of Representatives.

■■ Defendant argues in effect that the 80th General Assembly may adopt different rules. We cannot speculate as to such changes for the purpose of seeking the meaning of the provisions of the Election Code. It is agreed that the rules of the House of Representatives are operative at the convening of the 80th General Assembly and until other rules may be adopted. The Rules of the House have distinguished between the substance and procedure of an election contest and a qualification challenge and no court has the right to review its decision. *Reif v. Barrett* (1933), 355 Ill. 104, 188 N.E. 889.

■■ Defendant argues that plaintiff suffers no irreparable injury in that the latter may contest the taking of the deposition and the order for the production of documents in proceedings under the Civil Practice Act. Defendant has no right under the Election Code to proceed to take plaintiff's deposition or compel production of documents for the purpose of challenging plaintiff's qualification to serve as a representative.

"The jurisdiction of a court of equity to restrain the maintenance of vexatious or harassing litigation is well established * * *." *People ex rel. Lake County Bar Association v. Circuit Court of Lake County* (1964), 31 Ill. 2d 170, 173-74, 201 N.E.2d 109, 111; *Trustees of Schools of Township 42 North v. Schroeder* (1972), 8 Ill. App. 3d 122, 289 N.E.2d 247.

The order of the trial court is affirmed.

Affirmed.

GREEN and MILLS, JJ., concur.