THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM NAGLE, Plaintiff in Error.

*Opinion filed December 17, 1907—Rehearing denied Feb. 12, 1908.*

APPEALS AND ERRORS—*when a judgment must be affirmed.* A judgment must be affirmed where the only error relied upon for reversal is removed by the filing of an amended record by leave of the court of review.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

CANTWELL & ROTH, and CHARLES P. R. MACAULAY, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (F. L. BARNETT, of counsel,) for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a writ of error sued out by William Nagle to the criminal court of Cook county to obtain a review of a judgment of conviction for the crime of robbery. Plaintiff in error was indicted by the grand jury of Cook county for robbery, jointly with Patrick Powell and Edward Fitzgerald, at the February term, 1903. Plaintiff in error and his co-defendants were duly arraigned and pleaded not guilty at the February term. At the following March term the accused parties were put upon their trial in the criminal court

upon the charge specified in the indictment. After the trial was entered upon, Fitzgerald withdrew his plea of not guilty and pleaded guilty to larceny and was sentenced upon such plea. The trial proceeded as to Powell and Nagle and resulted in their conviction of robbery. A motion for a new trial being overruled, the court entered a judgment of guilty and sentenced the prisoners to the penitentiary. It appears from the judgment as it was originally written, that it contained a recital that "this day comes the said People, by Charles S. Deneen, State's attorney, and the said defendant as well, in his own proper person as by his counsel, also comes."

Plaintiff in error has urged but one error in his brief, and that questions the sufficiency of the recital above to show the presence of the plaintiff in error during the proceedings which are set out in the record following the above recital. It is insisted that since there were two persons on trial and three indicted jointly, the word "defendant," being in the singular number, cannot be held to include more than one person, and as it is uncertain which one is meant, the record fails to affirmatively show that plaintiff in error was present in court when the proceedings took place.

Since the transcript was filed in this court as a return to the writ, a motion has been made by the Attorney General suggesting a diminution of the record and for leave to file an amendment made to its record by the criminal court of Cook county showing that plaintiff in error was present in person and represented by counsel, who were also present in court when each and every step was taken in the cause. This court granted leave to file the amended record which has been filed, and the record as amended removes the only error relied upon for a reversal.

The judgment of the criminal court of Cook county will therefore be affirmed.                    *Judgment affirmed.*