John S. Edgcomb, Appellee, *vs.* John P. Wylie, Appellant.

*Opinion filed February 25, 1911.*

Elections—*eligibility of person elected cannot be determined in an election contest.* The only power given by statute to a court in an election contest is to determine which of the parties has been elected, and the eligibility of the person elected cannot be determined in that proceeding but only by an information in the nature of *quo warranto.*

Appeal from the County Court of LaSalle county; the Hon. W. H. Hinebaugh, Judge, presiding.

H. M. Kelly, for appellant.

R. D. Mills, and Butters & Armstrong, for appellee.

Mr. Justice Farmer delivered the opinion of the court:

This suit was begun in the county court of LaSalle county by appellee to contest the election of appellant to the office of drainage commissioner for Drainage District No. 2 in the town of Ophir, in said county. The petition avers that the election for said office was held March 12, 1910; that appellant and appellee were the only candidates for said office; that the judges of said election certified in the return made by them that appellant received five votes and appellee six votes, and further certified that appellee was not eligible to hold said office and declared appellant duly elected. The answer of appellant to the petition did not deny that appellee received one more vote than appellant, but alleged appellee was not an adult owner of land in said district, was not a resident elector in said district, and therefore was ineligible to hold the office of drainage commissioner. Upon a hearing the county court found appellee was duly elected and rendered judgment accordingly. Appellant appealed from the judgment to the Appellate

Court for the Second District, and that court, having no jurisdiction to entertain the appeal, has transferred the case to this court.

Appellant says in his brief: "The only controversy in this case arises upon the question as to whether or not appellee, from the evidence in this case, is shown to be a land owner residing in the district and eligible to hold the office." Counsel for appellant concedes that the judges of the election had no authority to declare and return appellant as elected, and contends that under the state of the record the county court should have declared the election a nullity and that there was no election of anyone to said office. The only authority appellant cites in support of this contention is *Haggard* v. *People,* 130 Ill. App. 211. That was a *quo warranto* case and does not support appellant's ·position, but the court there did hold: "Judges of election, when acting as a board·of election canvassers, are ministerial and not judicial officers. They can only compute the votes cast for the several candidates and declare the result as shown by the face of the returns. (*People* v. *Kilduff,* 15 Ill. 492; *People* v. *Head,* 25 id. 325; *People* v. *Hilliard,* 29 id. 413.) They manifestly have no authority to consider and determine the eligibility of a candidate and refuse to certify the election of one whom they decide to be ineligible."

The only power given the court in an election contest, by the statute, is to determine which of the contestants has been elected, and the eligibility of the person elected cannot be determined in that proceeding. The remedy to determine that question is by information in the nature of *quo warranto.* (*Greenwood* v. *Murphy,* 131 Ill. 604; *Dilcher* v. *Schorik,* 207 id. 528; *Welsh* v. *Shumway,* 232 id. 54.) But if that were not the law, the competent evidence in this record abundantly shows that the appellee possessed all the qualifications required by law to render him eligible to the office. He received one more vote than appellant, and the

return made by the judges that appellee was not eligible to the office and therefore appellant was elected was justified by neither the law nor the facts.

The judgment of the county court was right and is affirmed.

*Judgment affirmed.*