(Nos. 11011-11012.—Cause transferred.)

JOHN P. O'CONNOR *et al.* Appellants, *vs.* THE HIGH SCHOOL BOARD OF EDUCATION OF THE EVANSTON HIGH SCHOOL DISTRICT *et al.* Appellees.

*Opinion filed April 19, 1917—Rehearing denied June 7, 1917.*

1. ELECTIONS—*when election cannot be contested by a bill in chancery.* A bill in chancery asking, among other things, for a recount of the ballots at an election in regard to a school house site is, in effect, a proceeding to contest the election, which the court cannot entertain in the absence of statutory authority; and an appeal to the Supreme Court from the decision of the court cannot be predicated upon the statutory provision for an appeal from a judgment on a petition to contest an election.

2. APPEALS AND ERRORS—*question of revenue must be directly involved.* To give the Supreme Court jurisdiction of an appeal on the ground that the case relates to revenue the collection of the revenue must be directly involved in a proceeding between public officers and tax-payers, and as the question of revenue is only indirectly involved in a bill attacking an election in regard to a school house site and seeking to enjoin the use of any tax levy to purchase a school house site and erect a building, no jurisdiction exists in such case.

CARTER, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

HOWARD T. WILCOXON, and WILLIAM SHERMAN CARSON, for appellants.

WILSON, MOORE & McILVAINE, (N. G. MOORE, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

An election held in the Evanston high school district on November 6, 1915, resulted in favor of a proposition to build a new school house and of another to issue bonds to purchase the new site and pay for the new building. An election was held on December 11, 1915, for the purpose of

selecting a new site, and the high school board of education declared the result to be the selection of the Ridge avenue site. A bill of complaint was filed in the circuit court of Cook county on January 14, 1916, by the appellants, who are five electors and tax-payers of the Evanston high school district. The bill, as it was afterward amended, alleged various defects in the calling and conduct of the elections and counting of the ballots; averred that a re-count of the votes cast at the election on December 11 would show that the Ridge avenue site did not receive a majority; that the election of November 6, so far as the building question was concerned, as well as that of December 11, was absolutely void; that the high school board of education on December 31, 1915, by resolution directed the preparation and negotiation of bonds of the high school district and the acquisition of the Ridge avenue site by purchase or condemnation proceedings as soon as possible, and that complainants fear that further steps may be taken which will result in irreparable damage to them and to others. The Evanston high school district and the members of the high school board of education were made defendants to the bill and filed an answer, admitting many of the allegations of the bill, denying others, and insisting upon the regularity and legality of the proceedings at both elections and the correctness of the result declared, stating that a canvass of the returns of the election of December 11 was made in good faith, and that the defendants are willing to submit to the court all questions as to ballots and qualifications of the voters at the election and as to the result thereof. Afterward, on March 3, 1916, the appellants filed another bill making the same allegations as the previous bill, and stating further that the complainants on January 14, 1916, had filed their bill in the circuit court, asking, among other things, for a re-count of the ballots; that said petition was framed as a bill in chancery although the same contained all allegations essential to a petition for contesting said elec-

tion of December 11, 1915, and was filed within the time fixed by statute for making such contest; that it is still pending, but lest it be not sufficient to permit all the steps pursued by the board in calling the election and prior and leading up to the same to be fully inquired into, the complainants present their bill in chancery, to the end that all proceedings of the board pertaining to the abandonment of the present high school site and the selection of a new site may be examined, considered and adjudged with reference to their conformity to law, and that all defects in and about said election, as set forth in said petition, may also be considered and ruled upon with reference to their validity. The defendants' answer admitted that the petition of January 14, 1916, contained all the essential requirements of a petition to contest the election of December 11, 1915, and was filed within the time required by law, and that the defendants have filed their answer, which they refer to and adopt as their answer to the present bill, except as otherwise stated. Then follow certain allegations in regard to the proceedings of the high school board of education, and a copy of the answer to the former bill is attached. The prayer of both bills was identical, and asked that the election of November 6 be declared null and void so far as relates to the proposition to build a new school; that the election of December 11 be declared void or that the legal effect thereof be determined by the court, and, if necessary, a re-count of the votes cast be had under the direction of the court; also that the said board, and the members thereof, be restrained from preparing or negotiating any bonds, and from using the proceeds of any. tax levy or other funds of said district in the purchase of a new site for said high school, and from taking any steps toward acquiring the property known as the Ridge avenue site. A general replication in chancery was filed in each case, the causes were heard together and an identical decree was entered in each case, finding adversely to the contentions of the ap-

pellants as to the regularity and legality of the proceedings in connection with the calling and conduct of the elections and the counting and canvassing of the votes and declaring the result. The ballots were produced in court and counted, and though the total vote as ascertained by the court was different from that announced by the canvassing board, yet the court found that the Ridge avenue site received a majority over all the votes for other sites. The relief prayed for in each bill was denied and appeals were taken to this court, which were submitted together.

In their brief counsel for appellees express the desire that the whole field of the controversy may be covered in the course of the decision so that no disputed questions may arise hereafter which could be settled now, and counsel for appellants in their reply brief join in the request, and both sides have argued the questions fully on their merits. We have, however, no jurisdiction of these appeals. So far as the bill asked for a re-counting of the votes, it is, in effect, a petition to contest the election in regard to the school house site, and the statute has made no provision for such a contest. It has been so long and so thoroughly determined that a court of chancery has no inherent jurisdiction of the contest of an election that a citation of authorities, only, is necessary. (*Moore* v. *Hoisington,* 31 Ill. 243; *Allerton* v. *Hopkins,* 160 id. 448; *Dickey* v: *Reed,* 78 id. 261; *Douglas* v. *Hutchinson,* 183 id. 323.) The contest of an election is purely statutory, and in the absence of statutory authority the courts have no power to interfere with the declaration of the result of an election. Where the statute has conferred jurisdiction of the contest of an election and has authorized an appeal from the decision such appeal comes to this court, but we cannot recognize a bill in chancery which seeks, along with other relief, a re-count of the votes cast at an election, which the court has no jurisdiction to grant as a statutory petition to contest an election, from which an appeal lies to this court.

In regard to the other relief sought, it is said in the brief for the appellees that it involves a matter of public revenue, in which an appeal is given by law direct to this court. The public revenue is not involved. It is true that the bills pray that the defendants be enjoined from using the proceeds of any tax levy in the purchase of a new site for the high school, and that they are about to negotiate the bonds which they have been authorized to issue for the purpose of purchasing the new site and building the new school house. In this way the revenue may be said to be indirectly involved, because a levy would be necessary for the payment of the bonds and interest; but in order to give this court jurisdiction of an appeal on the ground that it relates to revenue the collection of the revenue must be directly involved in a proceeding between public officers and taxpayers. "The question of revenue can only be at issue when some recognized authority of the State or some of the municipalities authorized by law to assess or collect taxes are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded." (*Reed* v. *Village of Chatsworth,* 201 Ill. 480.) "The most that can be said of the case made by this bill is that the revenue might be incidentally or remotely affected by the result." *Wells* v. *Rogers,* 196 Ill. 292; *Wilson* v. *County of Marion,* 205 id. 580; *Murphy* v. *People,* 221 id. 127; *City of Chicago* v. *County of Cook,* 224 id. 246.

These appeals should have been taken to the Appellate Court for the First District, and the causes will be transferred to that court.               *Causes transferred.*

Mr. JUSTICE CARTER, dissenting: I think, under the reason and construction of our statute as construed by this court in *Misch* v. *Russell,* 136 Ill. 22, and *County of Union* v. *Ussery,* 147 id. 204, the circuit court had jurisdiction to hear this election contest, and that therefore this court should retain jurisdiction of this cause.