John P. O'Connor et al., Appellants, v. High School
    Board of Education of Evanston High School Dis-
    trict et al., Appellees.

## Gen. No. 23,469.

INJUNCTION, § 103*—*when school board restrained from using
proceeds of tax levy and from negotiating bonds.* Where an in-
junction was prayed against a high-school board to restrain it
and its members from using the proceeds of any tax levy in the
purchase of a new site for a school, and from negotiating bonds
authorized for the purpose of purchasing such site and building
the schoolhouse solely upon the ground of the alleged illegality
of certain elections held upon proposals for such purchase and
building, to declare which void was the main prayer of the bill,
and the Supreme Court held the bill would not lie as to its main
prayer, *held* that such injunctional relief was incidental, only, to
the main prayer, and there was no jurisdiction to grant same.

Appeal from the Circuit Court of Cook county; the Hon. JESSE
A. BALDWIN, Judge, presiding. Heard in this court at the October
term, 1917. Reversed and remanded with directions. Opinion
filed December 24, 1917.

HOWARD T. WILCOXON and WILLIAM SHERMAN CAR-
SON, for appellants.

WILSON, MOORE & MCILVAINE, for appellees; N. G.
MOORE, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the
court.

The matter involved in this appeal and in a com-
panion cause, No. 23,470, opinion this day filed, *post,*
p. 251, is concerned with the legality of an election
touching a new site, a school building, and bonds for
purchase in the Evanston High School District. The
appeal comes to this court by transfer ordered by the
Supreme Court. See *O'Connor v. High School Board,*
278 Ill. 618.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

We follow substantially the language of the Supreme Court in that opinion. An election was held on November 6, 1915, in the Evanston High School District, resulting favorably for a proposition to build a new schoolhouse, and for another to issue bonds to purchase a new site and pay for the new building. Subsequently, on December 11, 1915, another election was held for the purpose of selecting the new site, and the board of education declared the result to be the selection of a site on Ridge avenue. On January 14, 1916, the complainants, taxpayers of the district, filed their bill of complaint in the Circuit Court of Cook county, which bill was afterwards amended, alleging various defects in the calling and conduct of both elections and counting of the ballots; averred that a recount of the votes on the election of December 11th would show that the Ridge avenue site was not properly selected, and that the prior election on November 6th, so far as the building question was concerned, as well as that of December 11th, was absolutely void; that the board of education by resolution directed the preparation and negotiation of bonds and the acquisition of the Ridge avenue site by purchase or condemnation, and that further steps would be taken resulting in damage to complainants. The High School District and the members of the board of education were made defendants, and filed an answer admitting many of the allegations of the bill, denying others, and asserting the legality of the proceedings at both elections and the correctness of the result declared, and offering to submit to the court all questions as to ballots, qualifications of the voters and the result. Afterwards, on March 3, 1916, complainants filed another bill, making the same allegations as the previous bill and stating further that the complainants on January 14, 1916, had filed their bill in the Circuit Court, asking among other things for a recount of the ballots; that said petition was framed as a bill in chan-

cery although it contained all allegations essential to a petition for contesting said election of December 11th; that it was still pending, but lest it was not sufficient to permit all the steps pursued by the board in calling the election and prior and leading up to the same to be fully inquired into, the complainants present their bill in chancery so that all the proceedings of the board pertaining to the abandonment of the old site and the selection of a new one should be examined and adjudged, and all the defects in the election considered and ruled upon with reference to their validity. To this the defendants answered, admitting most of the averments of the bill, and adopted the answer filed to the prior bill as their answer to the latter. The prayers of both bills were identical, and asked that the election of November 6th be declared null and void so far as relates to the proposition of building a new school; that the election of December 11th be declared void, or that the legal effect thereof be determined by the court and, if necessary, that the ballots be recounted; also that the board and the members thereof be restrained from preparing or negotiating any bonds, and from using the proceeds of any tax levy or other funds of said district in the purchase of a new site for said high school, and from taking any steps for acquiring the property known as the Ridge avenue site. A general replication in chancery was filed in each case, the causes were heard together, and an identical decree was entered in each case finding adversely to the contention of the complainants as to the regularity and legality of the proceedings in connection with the calling and conduct of the elections, the counting of the votes and declaring the result. The ballots were produced in court and counted, and the court found that the Ridge avenue site received a majority over all the votes for other sites. The relief prayed for in each bill was denied and appeals were

taken to the Supreme Court and there submitted together.

As appears from the opinion, the Supreme Court held that it had no jurisdiction of ·these appeals; that in so far as asking for a recount of the votes, the bills were, in effect, petitions to contest the election in regard to the schoolhouse site; that the statute had made no provision for such a contest, and that a court of chancery had no inherent jurisdiction of the contest of an election. The opinion concludes, therefore, that the courts have no power to interfere with the declaration of the result of such an election.

In regard to the relief sought concerning the negotiation of bonds, it was contended that the public revenue was involved, and, therefore, an appeal lay direct to the Supreme Court. For reasons stated in the opinion, the court was not in accord with this claim and concluded that the appeals properly should have been taken to the Appellate Court and, as heretofore stated, ordered that they be transferred to this court.

It follows from what has been said that the only matter to which this court may give consideration is the prayer of complainants asking that the defendants be enjoined from using the proceeds of any tax levy in the purchase of a new site for the high school, and from negotiating bonds which the defendants have been authorized to issue for the purpose of purchasing the new site and building the new schoolhouse. However,·examination of the briefs of the complainants in this court discloses that this relief is predicated wholly and exclusively upon the alleged illegality of the elections of November 6th and December 11th with reference to the new site and building. The injunctional relief as to the bonds is simply incidental to the essential prayer of the bill. As the Supreme Court held that the Circuit Court had no jurisdiction to consider or determine the election matters, it would fol-

low that it had no power to pass upon the incidental relief sought.

It is not suggested in the briefs that there is any ground for considering the relief as to the bond issue separate and apart from a consideration of the validity of the elections; indeed, we do not understand that the vote on the proposition to issue bonds is questioned as a distinct and separate matter.

From the above considerations it follows that the Circuit Court should have ordered the bill dismissed for want of jurisdiction. We shall therefore reverse the decree and remand the cause with directions to enter an order dismissing the bill for want of jurisdiction.

*Reversed and remanded with directions.*