PAUL A. CIPOWSKI et al. Appellants, vs. THE CITY OF
CALUMET CITY, Appellee.

*Opinion filed October 28, 1926.*

1. ELECTIONS—*contest of election is purely statutory.* The contest of an election is purely statutory, and in the absence of statutory authority the courts have no power to interfere with the declaration of the result of an election.

2. SAME—*what is meant by the "result" of an election.* The "result" of an election means the expression of the will of the voters as determined by the count of the ballots.

3. SAME—*section 117 of Election act provides for a contest of result, only.* Section 117 of the Election act, providing for the contest of city elections on public measures, does not provide for a contest of the validity of the election or an inquiry into the steps taken in calling and conducting the election.

4. SAME—*what irregularities do not invalidate special city election.* The facts that a special city election is held in a room other than that designated by the ordinance calling the election and that interested parties electioneered within 100 feet of the polls are mere irregularities, which do not invalidate the election in the absence of a showing that they affected the result.

5. SAME—*a petition to contest a special city election on public measure should show declaration of result.* A petition to contest a special city election on the question of the annexation of territory should allege that the council declared the result of the election, as section 117 of the Election act, for the contest of such elections, provides that the petition to contest shall be filed within thirty days after the result of the election has been determined.

6. MUNICIPAL CORPORATIONS—*what questions cannot be considered in contest of election to annex territory to city—quo warranto.* Quo warranto is the proper remedy to test the validity of proceedings to annex territory to a city, and in a contest of an election on such question under section 117 of the Election act the court cannot consider the questions whether notice of the election was properly posted, whether the territory proposed to be annexed was contiguous, whether or not it is already part of another municipality, and whether the petition for the election was properly signed.

APPEAL from the Superior Court of Cook county; the
Hon. JESSE HOLDOM, Judge, presiding.

ARTHUR L. BALLAS, for appellants.

SAMUEL K. MARKMAN, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

November 20, 1925, appellants filed their petition in the superior court of Cook county against the city of Calumet City to contest the special election held in that city November 14, 1925, for the purpose of voting upon the question of annexing territory to said city. The petition charges. seven irregularities which appellants contend invalidate the election, namely: (1) That said election was not held in the room designated by the ordinance calling the special election and named in the notices as the place of the election but was held in another room in said city; (2) that the mayor and other persons electioneered and solicited votes in favor of annexation in and within 100 feet of the polling place; (3) that notice of the election was not posted in front of the polling place either before or during the election; (4) that the territory proposed to be annexed is not contiguous to the city of Calumet City; (5) that part of the territory proposed to be annexed was at the time of the election, and now is, a part of South Holland, an incorporated village in Cook county; (6) that the petition for annexation is not signed by a majority of the owners of real estate in said territory and is not signed by a majority of the legal voters in said territory; and (7) that after it had been signed by some of the signers the petition was altered. The general demurrer filed to the petition by the city was sustained and the petition was dismissed. This appeal followed.

The contest of an election is purely statutory, and in the absence of statutory authority the courts have no power to interfere with the declaration of the result of an election. (O'Connor v. High School Board, 278 Ill. 618.) The im-

portant question in this case is whether the statute author-
izing the contest of a proposition election is broad enough
to give the court power to inquire into the preliminary steps
essential to the calling and conducting of a legal election.
The contest is brought under section 117 of the Election
act, (Smith's Stat. 1925, p. 1149,) which provides: "In
the case of all  *  *  *  public measures or subjects sub-
mitted to the voters  *  *  *  of any city,  *  *  *  any five
electors  *  *  *  of the city  *  *  *  may contest the
results of any such election by filing a written statement in
the circuit or superior court within thirty days after the
result of the election shall have been determined." When
we speak of the result of an election we usually mean the
expression of the will of the voters as determined by the
count of the ballots. The statute does not provide for a
contest of the validity of the election or an inquiry into
the steps taken in calling and conducting the election. It
merely provides for a contest of the result of the election.
In *Edgcomb* v. *Wylie*, 248 Ill. 602, it is said:  "The only
power given the court in an election contest, by the statute,
is to determine which of the contestants has been elected."
In *Dilcher* v. *Schorik*, 207 Ill. 528, it is said: "The juris-
diction of the court in a contest of an election is limited
to the question who was elected." In *County of Lawrence*
v. *Schmaulhausen*, 123 Ill. 321, it is said: "The proceed-
ings prescribed for contesting an election were so prescribed
for the purpose of finding out how many votes were cast
for or against a candidate or for or against a measure, and
thereby ascertaining the will of the people." In *Welsh* v.
*Shumway*, 232 Ill. 54, the court refused to inquire into
the validity of the nomination papers of the respondent in
an election contest. The object of the proceeding filed by
appellant is not to contest the result of the election but to
declare the election void upon the ground that it was not
legally called and held. The petition does not attack the
correctness or fairness of the canvass of the votes. It con-

cedes that there were 847 votes cast in favor of annexation and 315 votes cast against it. It has long ago been determined that *quo warranto* is the proper remedy to test the validity of annexation proceedings. (*People* v. *City of Peoria,* 166 Ill. 517; *Drainage Comrs.* v. *Griffin,* 134 id. 330.) Appellants having their remedy in *quo warranto,* the courts would not be warranted in holding, in the absence of language clearly requiring it, that the legislature intended to provide a special statutory remedy to contest the validity of such annexation proceeding. We hold that objections 3, 4, 5, 6 and 7 to the annexation proceedings are not questions which can be considered in an election contest.

Objections 1 and 2 are to mere irregularities which, in the absence of a showing that they affected the result of the election, will not invalidate it. (*Choisser* v. *York,* 211 Ill. 56; *Simons* v. *People,* 119 id. 617; *City of Chicago* v. *People,* 80 id. 496.) There is no allegation in the petition that the irregularities in conducting the election in any manner affected the result, and so the petition did not in this respect state grounds for contest.

The statute states that the contest shall be filed within thirty days after the result of the election has been determined. The result is not determined until the city council has examined and canvassed the returns made by the election officials and has declared the result of the election and caused a statement of the result to be entered upon its journal. Nowhere in the petition is it alleged that the city council has declared the result of this election, and for that reason it was properly dismissed.

The order of the superior court is affirmed.

*Order affirmed.*