(No. 23846.—

EUGENE KAUFMAN *et al.* Appellants, *vs.* COMMUNITY HIGH
SCHOOL DISTRICT NO. 83 OF THE COUNTY OF ALEX-
ANDER, Appellee.

*Opinion filed December 10, 1936.*

LANSDEN & LANSDEN, for appellants.

DEWEY & CUMMINS, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

Seven petitioners, residents of Community High School
District No. 83, Alexander county, filed their petition in
the circuit court of Alexander county contesting and seek-
ing to annul an election of October 19, 1935, authorizing
a bond issue of $29,000 for building a new school house.
The circuit court declared the election valid, the bond issue
carried, and dismissed the petition. This appeal is from
that final judgment.

The petition alleges that the resolutions of the board
of education preliminary to the calling of the election were
insufficient and void; that the notice of election was irregu-
lar and void for numerous alleged errors and omissions;
that the proposition submitted was not in accord with the
notice; that the ballots were not in proper form; that the

officers in charge of the election were not properly chosen or qualified; that the election was not legally called, held or conducted; that the ballots were not properly canvassed; that the poll-books, tally papers and other records of the election were not lawfully returned by the officers of the election, and that no special tax for building purposes has been levied in time to produce funds to pay bonds maturing January 1, 1937.

This contest is filed under section 117 of the Election act, and, since election contests are purely statutory, it must come within the provisions of that act or fail. (*O'Connor v. High School Board*, 278 Ill. 618; *Cipowski* v. *City of Calumet City*, 322 id. 575.) A reference to the section in question shows that it permits a contest of the result of the election but confers no jurisdiction on the court to inquire as to its validity nor as to the regularity of any of the steps preceding it. To question those matters resort must be had to some other form of remedy. The points involved were fully discussed and decided in the *Cipowski case, supra,* which is controlling of this one.

It is true that the complaint contained a general allegation that the results were not properly canvassed and returned, but there is no evidence to sustain it. The ballots were received in evidence and counted by the trial court, but none are preserved in the record or shown by the abstract, nor was there anything other than a general objection to a few of them and therefore nothing for us to review.

It is urged that the ballots were not properly preserved, but the court found that they were, and the point could not avail the petitioners in any event, because if not admissible in evidence there could be nothing to impeach the returns of the officials.

The decree will be affirmed.

*Decree affirmed.*