People of the State of Illinois on the Relation of Arthur Knight, Elmer J. Homolka, Joseph R. Rochwiak, Raymond A. Snella, George (Stack) Stachacz, Ernest H. Blecic, Dolores Boslega and Adam E. Szalkowski, Individually, and as Candidates of the Voters Independent Party of the Village of Lyons, Cook County, Illinois, Plaintiffs-Appellants, v. Sidney T. Holzman, Marie H. Suthers and Francis P. Canary, as Members of and Being and Constituting the Board of Election Commissioners of the City of Chicago and Ex Officio Board of Election Commissioners of the Village of Lyons, Cook County, Illinois, and Being and Constituting the Electoral Board of the Village of Lyons, Cook County, Illinois, Defendants-Appellees.

Gen. No. 51,141.

First District, Fourth Division.

August 14, 1968.

Walter C. Wellman, of Lyons, for appellants.

Stanley T. Kusper, Jr., and William R. Ming, Jr., of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Relators instituted this action on March 15, 1965, for a Writ of Mandamus to compel the Cook County Board of Election Commissioners to place the names of the relators on the ballot as candidates for various Village offices in an election to be held on April 20, 1965, in the Village of Lyons, Cook County, Illinois. Nominating petitions filed by the relators were objected to on the grounds that there were two few valid signatures and that since three candidates did not correctly designate the office for which they were running and a fourth did not give his proper address, they did not contain a complete list of candidates for all offices. After a hearing, the objections were sustained by the Board of Election Commissioners and the names of the relators were denied a place on the ballot.

On April 8, 1965, the Circuit Court denied the petition for a Writ of Mandamus. Notice of appeal from that order to the Illinois Supreme Court was filed on April 12, 1965. The election was held on April 20. Thereafter, the appeal was docketed in the Supreme Court, and subsequently the cause was transferred to this court.

We find ourselves helpless to proceed because the purpose of relators' petition cannot possibly be accomplished. When the election took place, the case became

moot. Sokolowski v. Board of Election Com'rs of City of Chicago, 89 Ill App2d 60, 232 NE2d 229, and authorities cited therein. This appeal must therefore be and is dismissed.

Appeal dismissed.

McCORMICK, P. J. and DRUCKER, J., concur.