**People of the State of Illinois ex rel. Voters for Progress Party, a Legally Constituted New Political Party, Edward Lee, Mary Lois Quilici, Jerry Perelli, John Smida, Jr., and Marvin Isaacson, Plaintiffs, v. Estelle Wilk, Village Clerk of Village of Dolton, and the Village of Dolton, a Municipal Corporation, Defendants.**

Gen. No. 53,897.

First District, Fourth Division.

December 31, 1969.

 

Arvey, Hodes & Mantynband, of Chicago (J. Herzl Segal, Jerome T. Burke, of Chicago, and Henry J. Wieloch, of Dolton, of counsel), for appellants.

Frank Glazer, of Chicago, for appellees.

MR. JUSTICE STAMOS delivered the opinion of the court.

Plaintiffs appeal from a judgment of the trial court refusing to issue a writ of mandamus commanding defendants to place relator's candidates on the ballot in the forthcoming Village Election.

Plaintiffs' petition for writ of mandamus alleged substantially as follows: the Voters for Progress Party was a legally constituted political party; the individual relators are candidates of the Voters for Progress Party; relators filed nominating petitions and all necessary appurtenances in accordance with the Election Code; the Municipal Officers Electoral Board pursuant to objections filed, ruled that plaintiffs' nominating petitions were insufficient and/or inoperative; plaintiffs cured all defects in their nominating petitions and filed the cured nominating petitions with the office of the Village Clerk of the Village of Dolton pursuant to Ill Rev Stats, c 46, § 10–11 (1967); nominating petitions were returned to the attorney for the Voters for Progress Party by the Village Clerk "by reason of the fact that same were not filed with her (the Village Clerk) personally"; acceptance of the nominating petitions is purely a ministerial

387

function and the Village Clerk is obligated to accept the petitions and place the names of the candidates nominated therein on the official ballot; and plaintiffs prayed for appropriate relief.

Defendants answered denying substantially all the allegations in relators' petition for writ of mandamus and alleged by way of affirmative defenses: that the Voters for Progress Party had no legal capacity to sue; that petitions to form a new political party do not constitute certificates of nomination; that the action of the Municipal Officers Electoral Board declaring plaintiffs' nominating petitions inoperative did not create vacancies on the ballot so as to entitle relators to nominate candidates for places thereon; and that section 10–11 of the Election Code, Ill Rev Stats, c 46 (1967) does not impose any duties upon the Village Clerk.

On plaintiffs' motion an immediate hearing was granted by the trial court because of the impending election. At the hearing plaintiffs established that after the Municipal Officers Electoral Board had held their nominating petitions invalid they caused to be filed in the office of the Village Clerk of the Village of Dolton, a petition, which they contend is in conformity with section 10–11 of the Election Code. It was further established that their petition was left with an employee of the Village of Dolton, who under the Civil Service Act had the title of Special Assistant to the Village Clerk, and that the Village Clerk was not in the office when this petition was left with this employee; and that the Village Clerk caused the employee who received the petitions to return them to the attorney for the Voters for Progress Party. The trial court's judgment denying mandamus was entered on March 28, 1969.

OPINION

Relators contend that they are entitled to a position on the ballot by reason of the Election Code, section 10–11 which provides as follows:

388

"In case a candidate who has been duly nominated under the provisions of this Article 10 die or decline the nomination, as in this Article provided, not less than 45 days before the election, or should any certificate of nomination be held insufficient or inoperative by the electoral board, the vacancy or vacancies thus occasioned may be filled not less than 40 days before the election by the political party or other persons making the original nominations. The certificates of nomination made to supply such vacancy shall state, in addition to the other facts required by this act, the name of the original nominee, the date of his death or declination of nomination, or the fact that the former nomination has been held insufficient or inoperative, and the measures taken in accordance with the above requirements for filling a vacancy."

A reading of the statute reveals that vacancies are created when a candidate, duly nominated, dies or declines the nomination or when a certificate of nomination is held insufficient or inoperative by the electoral board.

Plaintiffs do not claim that they are seeking to fill vacancies caused either by the death or declination of duly nominated candidates, rather they claim that they are entitled to fill vacancies occasioned by the action of the electoral board. Plaintiffs contend that the action of the electoral board in declaring their nomination petitions invalid was tantamount to declaring a certificate of nomination insufficient or inoperative, therefore, entitling them to fill such vacancies pursuant to section 10–11 of the Election Code.

Nominations by established political parties are made by filing a certificate of nomination as set forth in Ill Rev Stats, c 46, § 10–1, as follows:

"Any convention, caucus or meeting of qualified voters of any established political party as herein

defined may make *one nomination for each office* therein to be filled at any election, for officers of such township, city, village or incorporated town, by causing a *certificate of nomination* to be filed with the clerk of such township, city, village or incorporated town. Every such certificate of nomination shall state such facts as are required in Section 10–5 of this Article, and shall be signed by the presiding officer and by the secretary of the convention, caucus or meeting, who shall add to their signatures, their places of residence. Such certificates shall be sworn to by them to be true to the best of their knowledge and belief, and a certificate of the oath shall be annexed to the certificate of nomination." (Emphasis supplied.)

A group of persons who desire to form a new political party and to have their candidates placed upon the ballot proceed by petition under section 10–2 of the Election Code which provides in part as follows:

"Any group of persons hereafter desiring to form a new political party . . . shall file . . . a petition [with the proper authority as directed by statute] . . . ."

Section 10–2 continues and provides:

"The filing of such petition shall constitute the said political group a new political party, for the purpose only of placing upon the ballot at such next ensuing election said list of party candidates for offices to be voted for throughout the State, or for offices to be voted for in such district or political subdivision less than the State, as the case may be under the name of and as the candidates of such new political party.

"Any such petition shall be filed at the same time and shall be subject to the same requirements and to the same provisions in respect to objections thereto and to any hearing or hearings upon such objections that are hereinafter in this Article 10 contained in regard to the nomination of any other candidate or candidates by petition."

In the instant case plaintiffs' petition to form a new political party was held insufficient and inoperative by the electoral board. Therefore, there was no new political party or any certifiable nominees thereof. There were no vacancies to fill. Plaintiffs recognized this when they filed a new petition to form a political party. We cannot consider this new petition to be a certificate of nomination to fill a vacancy.

This cause was argued in this court as an emergency matter on April 9, 1969 so it could be determined prior to the election which had been set for April 15. Our decision affirming the trial court was rendered orally at the hearing, with this opinion to be filed in due course.

Judgment is affirmed.

Affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.