People of the State of Illinois ex rel. The Vigilant Party, a New Political Party, in the Village of Dolton, County of Cook, State of Illinois, et al., Plaintiffs-Appellees, v. The Village of Dolton and Estelle Wilk, Village Clerk, Village of Dolton, Defendants-Appellants.

Gen. No. 53,902.

First District, Fourth Division.

December 31, 1969.

Matthew J. Beemsterboer, Brunswick, Beemsterboer & Jemilo, of Blue Island, and Frank Glazer, of Chicago, for appellants.

Chester Stasack and Arthur Dillner, of Dolton, and Irwin D. Bloch and Louis M. Leider, of Chicago, for appellees.

MR. JUSTICE STAMOS delivered the opinion of the court.

Plaintiffs, the Vigilant Party and its candidates for municipal office in the Village of Dolton, petitioned for a writ of mandamus to compel defendants, the Village of Dolton and Estelle Wilk, Village Clerk, to place plaintiffs' names on the ballot for the general election to be

held April 15, 1969. Defendants denied plaintiffs' places on the ballot. The trial court issued the writ of mandamus and defendants appeal from that judgment.

The facts as alleged in the pleadings are that on or about February 10, 1969, the plaintiffs filed a full slate of candidates under the name Citizens Party for the April 15 election. On February 21, 1969, the Municipal Officers Election Board ordered the candidates' names stricken from the ballot. The reasons given were that the nominating petitions were not securely bound and the name Citizens Party was in use in the Village of Dolton by a preexisting party. An appeal of this administrative decision was taken to the Circuit Court of Cook County where it is now pending.

On March 3, 1969 the plaintiffs as the Vigilant Party sought to file documents with the Village Clerk, Estelle Wilk, which they referred to as certificates of nomination as authorized under Ill Rev Stats, c 46, § 10–11 (1967). The Village Clerk refused to accept the documents on the grounds that they did not constitute certificates of nomination as authorized in § 10–11, but that they were a petition to form a new political party and were, therefore, untimely under Ill Rev Stats, c 46, § 10–6 (1967). The Circuit Court of Cook County issued a writ of mandamus on March 17, 1969 compelling the Village Clerk to accept the documents after they had been amended from alleging "certificate of nomination" to "petition."

On March 24, 1969, after the documents were accepted for filing, the plaintiffs made a formal demand on the Village Clerk to place the names of the candidates on the ballot pursuant to Ill Rev Stats, c 46, § 10–8. (1967). The Village Clerk again refused the demand stating that the documents were petitions to form a new political party untimely under § 10–6 and with § 10–8, therefore, having no effect.

393

The plaintiffs then filed this cause to compel defendants to place the names of the candidates on the ballot. The trial court issued a writ of mandamus and defendants appeal.

OPINION

Defendants contend that the documents filed by the plaintiffs under the writ of mandamus of March 17, 1969 constituted a petition to form a new political party governed by Ill Rev Stats, c 46, § 10–7 (1967) which requires such filing to be accomplished at least 64 days before the election. Plaintiffs, however, contend that the documents constitute certificates of nomination pursuant to Ill Rev Stats, c 46, § 10–11 which reads:

> "In case a candidate who has been duly nominated under the provisions of this Article 10 die or decline the nomination, as in this Article provided, not less than 45 days before the election, or should any certificate of nomination be held insufficient or inoperative by the electoral board, the vacancy or vacancies thus occasioned may be filled not less than 40 days before the election by the political party or other persons making the original nominations. The certificates of nomination made to supply such vacancy shall state, in addition to the other facts required by this act, the name of the original nominee, the date of his death or declination of nomination, or the fact that the former nomination has been held insufficient or inoperative, and the measures taken in accordance with the above requirements for filling a vacancy.

In light of this provision the plaintiffs maintain that since their slate of candidates filed on or about February 10, 1969 was stricken from the ballot by the Municipal Officers Election Board on February 21, 1969, a vacancy was created within the meaning of § 10–11 and that,

therefore, they were entitled to file certificates of nomination pursuant to § 10–11 to fill those vacancies.

Established political parties nominate their candidates pursuant to Ill Rev Stats, c 46, § 10–1 (1967) which reads:

> "Any convention, caucus or meeting of qualified voters of any established political party as herein defined may make *one nomination for each office* therein to be filled at any election, for officers of such township, city, village or incorporated town, by causing a *certificate of nomination* to be filed with the clerk of such township, city, village or incorporated town. Every such certificate of nomination shall state such facts as are required in Section 10–5 of this Article, and shall be signed by the presiding officer and by the secretary of the convention, caucus or meeting, who shall add to their signatures, their places of residence. Such certificates shall be sworn to by them to be true to the best of their knowledge and belief, and a certificate of the oath shall be annexed to the certificate of nomination."

(Emphasis supplied.)

Persons wishing to create a new political party and submit a slate of candidates are governed by Ill Rev Stats, c 46, § 10–2 (1967) which reads:

> "Any group of persons hereafter desiring to form a new political party . . . shall file . . . a petition (with the proper authority as directed by statute) . . . ."

Section 10–2 continues and provides:

> "The filing of such petition shall constitute the said political group a new political party, for the purpose only of placing upon the ballot at such next ensuing

395

election said list of party candidates for offices to be voted for throughout the State, or for offices to be voted for in such district or political sub-division less than the State, as the case may be under the name of and as the candidates of such new political party.

"Any such petition shall be filed at the same time and shall be subject to the same requirements and to the same provisions in respect to objections thereto and to any hearing or hearings upon such objections that are hereinafter in this Article 10 contained in regard to the nomination of any other candidate or candidates by petition."

The plaintiffs' original filing in the instant case pursuant to § 10–2 was declared invalid by the Municipal Officers Election Board. Therefore, no political party was in existence at the time of the attempted March 3 filing. Since no political party was in existence at that time, no vacancies existed either. The plaintiffs could not have availed themselves of § 10–11 and the new filing could not have constituted certificates of nomination. (People ex rel. Voters for Progress Party v. Wilk, 118 Ill App2d 386, 254 NE2d 834 (1969).)

Therefore, we hold that the trial court erred in issuing the writ of mandamus.

This cause was argued in this court as an emergency matter on April 9, 1969 so it could be determined prior to the election which had been set for April 15. Our decision reversing the trial court was rendered orally at the hearing, with this opinion to be filed in due course.

Reversed.

DRUCKER, P. J. and ENGLISH, J., concur.