PENNEY M. BLACK, Petitioner-Appellant (PENNEY M. BLACK *et al.*, Plaintiffs), *v.* RAYMOND L. TERMUNDE, Respondent-Appellee.

(No. 54727; )

First District (3rd Division)—October 4, 1973.

Vincent R. Ewald, of Chicago, for appellant.

Henry A. Gentile, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

Raymond L. Termunde, one of three candidates for the office of president of the Village of Alsip, received the highest number of votes in an election which was held on April 15, 1969. After the proclamation of the results, the village canvassing board certified that Termunde was elected to the office and issued a certificate of election. A petition contesting his election was filed in the Circuit Court of Cook County by Penney M. Black, Yolanda A. Ziomek and Richard N. McCoy, all of whom were registered voters in the village. Termunde was named as the sole defendant in the complaint which consisted of two counts; the first concerned irregularities in the vote tallies and the second questioned Termunde's nomination and the placing of his name on the ballot.

The defendant moved to dismiss the petition. The principal grounds were that it was barred by res judicata and that it failed to name as necessary parties the two candidates who lost the election. The motion was sustained on both grounds and the plaintiff, Black, appeals.

The first count of the petition charged that, notwithstanding the canvass of votes by the election judges and the canvassing board, Avery L. Wilkins, another candidate, received more legal votes than Termunde. It was alleged that, were it not for numerous mistakes, miscounts, mistallies and other wrongs, Wilkins would have received 18 more votes than Termunde instead of 23 votes less. The petitioners sought relief in the form of a recount, a declaration that Termunde's certificate of election was null and void and a judgment in favor of Wilkins.

The second count concerned the propriety of Termunde's nominating petition. He and several other candidates filed nomination papers under a petition to form a new political party known as the Greater Alsip Progressive Party. Black filed an objector's petition and, after a hearing before the Municipal Officers Electoral Board, an order not to print the names of the candidates on the ballot was entered. A petition for administrative review by the candidates was decided adversely to them. The candidates then filed nomination papers to form another new party, known as the Citizen's Achievement Party, to fill vacancies purportedly created by the previous action of the electoral board. Black again filed an objection; the electoral board sustained a motion to dismiss the ob-

jection for want of jurisdiction. Black filed a petition for administrative review. The court upheld the decision of the electoral board. A complaint for mandamus against the candidates and the members of the electoral board was then filed. The hearing, which occurred on the eve of the election, resulted in the court's sustaining the motion to dismiss for the reason that, notwithstanding the prior rulings of the board and the court, the electoral board had jurisdiction to hear the objections and the court did not. The plaintiffs' petition asserted that the nomination papers of the Citizen's Achievement Party and its candidates were not permitted by any applicable provision of the statutes relating to such papers (Ill. Rev. Stat. 1967, ch. 46, pars. 10—1 *et seq.*) and they requested declarations that the election for the village president was a nullity, that Termunde's certificate of election was of no force and effect, and that a new election be conducted without his name being on the ballot.

■■■ The canvassing board proclaimed that Termunde received 1232 votes for the office of president, Wilkins 1209 and Daniel Ianello 289. The plaintiffs contended that the correct result should have shown 1234 votes for Wilkins, 1216 for Termunde and 289 for Ianello. All successful candidates and all persons who were candidates in the election are necessary parties to a proceeding contesting the election. (*People ex rel. Meyer v. Kerner* (1966), 35 Ill.2d 33, 219 N.E.2d 617; *Lyons v. Becker* (1916), 272 Ill. 333, 111 N.E. 980; *Conway v. Sexton* (1909), 243 Ill. 59, 90 N.E. 203; *Waupoose v. Kusper* (1972), 8 Ill.App.3d 668, 290 N.E.2d 903.) The court was requested to enter a decree, after a proper count of the ballots, declaring Wilkins to be the winner. The requested decree could not have been entered without materially affecting his interests. (*Weden v. Gher* (1925), 316 Ill. 534, 147 N.E. 388.) The failure of the petition to name him as a defendant was fatal to the cause of action; he was an indispensable party; without him, the court was powerless to act. Therefore, the trial court ruled correctly when it sustained the motion to dismiss the first count of the petition.

In respect to the second count and the claim that the nominating process used by Termunde was not sanctioned by law, it is noted that the factual allegations of the petition appear to be analogous to those in the cases of *People ex rel. Vigilant Party v. Village of Dolton* (1969), 118 Ill.App.2d 392, 254 N.E.2d 832, and *People ex rel. Voters for Progress Party v. Wilk* (1969), 118 Ill.App.2d 386, 254 N.E.2d 834, which were appeals in mandamus proceedings. Both cases were decided by the Appellate Court prior to the elections and in each the nominating processes were held invalid. Despite the possible validity of Black's claim, there are several factors which distinguish the present case from the ones cited.

■■ This is an election contest and election contests are limited to a determination of the result of an election. (*People ex rel. Meyer v. Kerner, supra.*) The only power the court has in a proceeding such as this is to determine which of the contestants has been elected; the eligibility of the person elected cannot be determined. (*Edgcomb v. Wylie* (1911), 248 Ill. 602, 94 N.E. 107.) Qualifications of the candidate (*Dilcher v. Schorik* (1904), 207 Ill. 528, 69 N.E. 807) or a testing of the validity of an election (*Cipowski v. Calumet City* (1926), 322 Ill. 575, 153 N.E. 613) are matters left to an action in *quo warranto* (Ill. Rev. Stat. 1967, ch. 112, par. 9 *et seq.*). After noting that jurisdiction is limited in an election contest to the question of who is elected, the court in *Welsh v. Shumway* (1907), 232 Ill. 54, 83 N.E. 549, warned:

> "[T]he failure of a candidate to object to his opponent's certificate of nomination in the manner provided by statute waives the objection, and it cannot thereafter be raised in an election contest."

See also, *Swiney v. Peden* (1922), 306 Ill. 131, 137 N.E. 405; *Schuler v. Hogan* (1897), 168 Ill. 369, 48 N.E. 195.

Seizing upon the quoted statement from *Welsh v. Shumway* and pointing to the pre-election litigation conducted in this case, Black contends that since objections were made to Termunde's nominating petition, an inquiry into the propriety of his nomination is permissible in an election contest. Even if a trial court could legally pass upon a nomination issue in an election contest, any order entered in this cause would have been null and void.

■■■ Not only must there be jurisdiction of the subject matter but the court must have jurisdiction of indispensable parties. The village clerk who certified the nomination papers and the Municipal Officers Electoral Board are entitled to be heard in an action which so vitally affects their official functions. (*People ex rel. Meyer v. Kerner, supra.*) Since they were necessary parties and were not named as defendants, any order entered by the trial court would have been subject to direct or collateral attack for want of jurisdiction.

■■ The plaintiff's very same actions, that is, her contesting the nominating petition before the electoral board, in an administrative review proceeding and by way of mandamus, which are now urged in support of her contention that she did not waiver her objection to the legality of Termunde's certificate of nomination, can be viewed as a bar under the doctrine of res judicata to her present petition to contest the election. The petition is an attempt to reconsider the issues which were previously presented. Black should have prosecuted an appeal from the prior denials of relief. Although it is probable that an appeal of the mandamus de-

cision would have been futile because the trial court's order was handed down on the eve of the election and a reviewing court would be unlikely to award a writ of mandamus after the election (*People ex rel. Knight v. Holzman* (1968), 98 Ill.App.2d 126, 240 N.E.2d 390; *Sokolowski v. Board of Election Commissioners* (1967), 89 Ill.App.2d 60, 232 N.E.2d 229), an appeal could have been taken from the order entered in the administrative review proceeding which affirmed the electoral board's initial determination concerning the objectors' petition. The trial court's dismissal of the second count of the petition on the ground of res judicata was the proper result.

The court's order dismissing the petition is affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.